UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALEX HOLMES, JOSH NAVARRO, NICO
TRAMONTANA, BITCOIN VENTURES 2020, LLC,     **ATTORNEY AFFIRMATOIN IN**
YASAR CORPORATION and ONEPURPOSE LTD.,     **SUPPORT OF REQUEST FOR**
                                                                      **CLERK'S CERTIFICATE OF**
                           Plaintiffs.     **DEFAULT**

        against-     Case No.:  1:20-CV-04448-LJL

CHET MINING CO, LLC, CHET MINING CO
CANADA LTD., and CHET STOJANOVICH,

                       Defendants.
_____

**BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

1.    I am of counsel to the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiffs in the above-captioned matter. I respectfully submit this affirmation in support of the plaintiffs' request for a clerk's certificate of default against all defendants, pursuant to Fed. R. Civ. P. 55(a) and Local Rule 55.1.  This affirmation is based upon my personal knowledge.

2.    Pursuant to Local Rule 55.1, I have filed a proposed certificate of default simultaneously with this affirmation.

3.    The plaintiffs commenced this action on June 10, 2020 by electronically filing the Complaint (ECF Doc. #1).  The Court issued Summonses for all three defendants on June 11, 2020 (ECF Docs #7, 8 and 9).  The plaintiffs effectuated service upon the defendants more than thirty days ago as set forth below, and none of the defendants have answered, appeared, or otherwise defended the action.

1

**A.      Defendant Chet Mining Co., LLC**

4.      Defendant Chet Mining Co., LLC is not an infant or incompetent person, nor is it a person in the military.  Chet Mining Co., LLC is a limited liability company formed and existing under the laws of the State of Wyoming.  Annexed hereto as **Exhibit A** is a true and accurate copy of the company's filing information with the Wyoming Secretary of State, Business Division, which I have obtained from the Wyoming Secretary of State's website.

5.      Defendant Chet Mining Co., LLC has a principal place of business in New York State.  Its corporate profile with the Wyoming Secretary of State (Exhibit B) gives a New York City business address.  Furthermore, through our investigation and conferral with our clients, we have discerned that Chet Mining Co., LLC transacted its business with the plaintiffs from New York City.  The company invoiced the plaintiffs for products and services from New York City on multiple occasions, inducing the plaintiffs to pay the sums that are in dispute in this action.

6.      The plaintiffs' process server effectuated service upon defendant Chet Mining Co., LLC on June 15, 2020, by delivering the Summons and Complaint to the New York State Department of State, Corporation Division, pursuant to New York Limited Liability Company Law §304, and mailed a copy of Summons and Complaint to the defendant on June 16, 2020.  The plaintiffs filed proof of this service (an affidavit of service) on July 2, 2020 (ECF Doc. #11 pg. 3 of 5).

7.      This constitutes proper service under Rule 4 of the Federal Rules of Civil Procedure.  Rule 4(e)(1) and 4(h)(1)(A) provide that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  In New York State, pursuant to N.Y. Limited Liability Company §304, "a foreign limited liability company not authorized to do business in [New York] state" may "be served [with process] upon the secretary of state as its agent.  Such process may issue in any court in this state having

jurisdiction of the subject matter." Although Chet Mining Co., LLC maintains a place of business and does business in New York, our research indicates that the company has not registered with the New York State Department of State as it should have pursuant to N.Y. Limited Liability Company Law §802.[1] (The corporate registry on the New York Department of State's website contains no entry for Chet Mining Co., LLC.)  Therefore, Chet Mining Co., LLC is a is a "foreign" (Wyoming) limited liability company "not authorized to do business in New York," and is lawfully served with process through the New York Department of State, as its agent, pursuant to N.Y. Limited Liability Company Law §304.

8. More than thirty days have elapsed since the completion of said service on June 15, 2020. Defendant Chet Mining Co., LLC has not answered, pled, or otherwise appeared to defend the action. This defendant has not electronically filed an Answer or any other response to the Complaint, nor has our office received an Answer or response from this defendant in any other way.

**B.   Defendant Chet Stojanovich**

9. Defendant Chet Stojanovich is a natural person residing at 105 Duane Street, New York, New York 10007. Mr. Stojanovich is not an infant, and our information indicates that he is not an incompetent person and not in the military. Stojanovich holds himself out as a private business person and owner of defendant Chet Mining Co., LLC, a company purportedly in the cryptocurrency mining/equipment sales business. At all times he has dealt with our clients as a private business person.

10. The plaintiffs' process server effectuated service upon Chet Stojanovich by affixing a copy of the Summons and Complaint to Mr. Stojanovich's front's front door at his place of residence at 105 Duane Street, New York, New York  10007 on June 16, 2020, and then mailing a duplicate copy of the

---

[1]   New York Limited Liability Company Law §802 requires any limited liability company law "doing business" in New York State to apply to the New York Secretary of State for "authority" to do business here. A foreign LLC that fails to file the application is considered to be doing business in New York as an "unauthorized" foreign limited liability company. *See* §802(b)(4).

3

Summons and Complaint to him at the same address on June 24, 2020, pursuant to New York CPLR §308(4). The plaintiffs filed proof of this service (an affidavit of service) on July 2, 2020 (ECF Doc. #10). Our firm obtained the 105 Duane Street address for Mr. Stojanovich through a skip trace investigation that we ordered from a third-party supplier.

11.     This constitutes proper service under Rule 4 of the Federal Rules of Civil Procedure. As noted, Rule 4(e)(1) and 4(h)(1)(A) provide that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." New York CPLR §304(4) permits "affix and mail" service upon a defendant if the process server was unable to make personal delivery to the defendant or a person of suitable age and discretion with due diligence. The server's affidavit swears that the server utilized this affix and mail method after he "was unable with due diligence to find defendant or a person of suitable age and discretion" at the premises (ECF Doc. #10).

12.     More than thirty days have elapsed since the completion of said service. Defendant Chet Stojanovich has not answered, pled, or otherwise appeared to defend the action. This defendant has not electronically filed an Answer or any other response to the Complaint, nor has our office received an Answer or response from this defendant in any other way.

C.      **Defendant Chet Mining Co. Canada Ltd.**

13.     Defendant Chet Mining Co. Canada Ltd. is not an infant or incompetent person, nor is it a person in the military. Chet Mining Co. Canada Ltd.'s owner (defendant Chet Stojanovich) holds the company out as a business corporation that is purportedly in the cryptocurrency mining and hosting business.

14.     In a contract between Chet Mining Co. Canada Ltd. and the plaintiff One Purpose Ltd., the company described itself as a business corporation organized under the laws of British Columbia. We

4

note that the Canadian Government's online "Directories of Canadian Companies"[2] contains no entry for Chet Mining Co. Canada Ltd.  The website of the New York Department of State also contains no entry for Chet Mining Co. Canada Ltd. as either a domestic or foreign corporation.

15.  However, our evidence indicates that Chet Mining Co. Canada Ltd. is under the control of and owned by defendant Chet Stojanovich, who transacts business for the company from his residence and office in New York.  In our clients' dealings with Chet Mining Co. Canada Ltd., the communications and transactions were with and through Mr. Stojanovich in New York.  In the plaintiff One Purpose's written Hosting Services Agreement with Chet Mining Co. Canada Ltd. of June 22, 2019, the "Notices" section (15.1) names Chet Stojanovich as the company's business contact as follows:

> Chet J. Stojanovich
> Director, Chet Mining Co Canada Ltd *Chet Mining Co LLC*

(Emphasis added.)  The second entity mentioned, in italics—Chet Mining Co., LLC—is the other business entity defendant in this case, operating out of New York City, and the email address given here is the same email address that Mr. Stojanovich uses for the company in New York.  Therefore, Chet Mining Co. Canada Ltd. is doing business in New York.

16.  The plaintiffs' process server effectuated service upon defendant Chet Mining Co. Canada Ltd. on June 15, 2020, by delivering the Summons and Complaint to the New York State Department of State, Corporation Division, and also mailed a copy of the Summons and Complaint to the defendant on June 16, 2020.  The plaintiffs filed proof of this service (an affidavit of service) on July 2, 2020 (ECF Doc. #11 pg. 1 of 5).

---

[2]  See https://www.canada.ca/en/services/business/research/directoriescanadiancompanies.html

17. As noted, Rule 4(e)(1) and 4(h)(1)(A) of the Federal Rules of Civil Procedure provide that a defendant may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

18. In New York State, pursuant to N.Y. Business Corporation Law §307, "a corporation not authorized to do business in [New York] state" may "be served [with process] upon the secretary of state as its agent. Such process may issue in any court in this state having jurisdiction of the subject matter." Although Chet Mining Co. Canada Ltd. does business in New York as described above, our research indicates that the company has not registered with the New York State Department of State pursuant to N.Y. Business Corporation Law §1301. (The corporate registry on the Department's website contains no entry for Chet Mining Co. Canada Ltd.) Therefore, our server effectuated service on Chet Mining Co. Canada, Ltd. as a "foreign" corporation "not authorized to do business in New York," via the New York Secretary of State, as permitted by N.Y. Business Corporation Law §307.

19. More than thirty days have elapsed since the completion of said service. Defendant Chet Mining Co. Canada Ltd. has not answered, pled, or otherwise appeared to defend the action. This defendant has not electronically filed an Answer or any other response to the Complaint, nor has our office received an Answer or response from this defendant in any other way.

WHEREFORE, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rule 55.1, the plaintiffs hereby request a certificate of entry of default against all three defendants, Chet Mining Co, LLC, Chet Mining Co. Canada Ltd., and Chet Stojanovich.

Dated: August 17, 2020  
       Troy, New York

**E. STEWART JONES HACKER MURPHY LLP**

By: *[signature: Benjamin F. Neidl]*

Benjamin F. Neidl  
**SDNY Bar No: BN5818**  
*Attorneys for Plaintiffs*  
28 Second Street  
Troy, New York 12110  
Tel. No.: (518) 274-5820