UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., <br><br>                              Plaintiffs. <br><br>              against- <br><br> CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, <br><br>                              Defendants. | **ATTORNEY AFFIRMATOIN IN SUPPORT OF REQUEST FOR CLERK'S CERTIFICATE OF DEFAULT** <br><br> Case No.:  1:20-CV-04448-LJL |

_____

**BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

1. I am of counsel to the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiffs in the above-captioned matter. I respectfully submit this affirmation in support of the motion for default judgment pursuant to Fed. R. Civ. P. 55(b), Local Rule 55.2(b) and Judge Linman's individual practices, in favor of plaintiffs Alex Holmes, Josh Navarro, Nico Tramontana, and Bitcoin Ventures 2020, LLC.  This affirmation is based upon my personal knowledge.

2. A separate motion for default judgment will be filed within the coming days for plaintiffs Yasar Corporation and One Purpose Ltd.

3. I annex the following previously-filed documents as Exhibits to this motion:

    a. **Exhibit A** – The Summons and Complaint;

    b. **Exhibit B** – A true and accurate copy of an Affidavit of Service regarding the Summons and Complaint that the plaintiffs electronically filed on July 2, 2020 (ECF Doc. #10);

1

  c. **Exhibit C** – A true and accurate copy of an additional Affidavit of Service regarding the Summons and Complaint that the plaintiffs electronically filed on July 2, 2020 (ECF Doc. #11);

  d. **Exhibit D** – A true and accurate copy of my Attorney Affirmation dated September 2, 2020, which I submitted in support of our request for a Clerk's Certificate of Default (ECF Doc. #17);

  e. **Exhibit E** – The Clerks' Certificate of Default, issued September 2, 2020 (ECF Doc. #18);

  f. **Exhibit F** – A true and accurate copy of Wyoming Secretary of State's online corporate profile for defendant Chet Mining Co., LLC (a Wyoming limited liability company).[1]

4. This motion is also supported by several other papers electronically filed simultaneously with this Affirmation. They are:

  a. The Declaration of the plaintiff Alex Holmes with Exhibits (the **"Holmes Declaration"**);

  b. The Declaration of plaintiff Josh Navarro with Exhibits (the **"Navarro Declaration"**);

  c. The Declaration of plaintiff Nico Tramontana with Exhibits (the **"Tramontana Declaration"**);

  d. The Declaration of Lars Eller with Exhibits, in support of the motion for plaintiff Bitcoin Ventures, LLC (the **"Eller Declaration"**);

  e. Statements of Damages for each of the moving plaintiffs; and

  f. Proposed Default Judgments for each of the moving plaintiffs.

5. This motion seeks a default judgment against both of the defendants, jointly and severally.

---

[1] The Wyoming Secretary of State publishes these profiles at its website, at
https://wyobiz.wyo.gov/Business/FilingSearch.aspx

**A.      A Description of the Method and Date of Service of the Summons and Complaint.**

6.      A description of the method and dates of service of the Summons and Complaint is provided narratively in Exhibit D hereto (my Affirmation in support of the application for a Clerk's Certificate of Default).  The affidavits of service annexed hereto as Exhibits B and C hereto.

**B.      The Proposed damages and the Basis for Each Element of Damages, Including Attorneys' Fees and Costs.**

7.      The damages sought in this application are relatively straightforward.  As described in the plaintiffs' respective Declarations, plaintiffs Holmes, Navarro, Tramontana and Bitcoin Ventures 2020, LLC ("BV2020") contracted with the defendants to purchase cryptocurrency mining computer devices, and hosting services for those devices, from the defendants.  That is, for those plaintiffs, the defendants were supposed to acquire the devices and install them at a purported mining facility in Canada, where the defendants would purportedly power the machines and operate them.  This is described more particularly in the Compliant and the plaintiffs' Declarations.  In the cases of all of the plaintiffs, the defendants took the plaintiffs' money and then simply did not perform.  As described in the plaintiffs' Declarations, the defendants did not actually procure devices for the plaintiffs nor did it host devices.  This motion seeks judgments against all three defendants jointly and severally—for the reasons alleged in the Complaint (which the defendant has not appeared to deny) the defendants were alter egos of each other,

8.      The proposed default judgments seek restoration of the dollar amounts that each of the plaintiffs paid to the defendants.  The plaintiffs' declarations itemize their payments and attach documentary evidence as exhibits.  A return of the purchase price is permitted under N.Y. UCC §2-711(1).  Alternatively, at the very least the defendants were unjustly enriched by the amount paid by the plaintiffs.

9.      This motion does not seek attorneys' fees.

C.     **Evidence of the Proposed Damages**

10.     The evidence of the proposed damages is provided in the sworn Declarations of each of the moving plaintiffs and their exhibits.  Each of the plaintiffs paid the defendants varying sums to purchase: (i) cryptocurrency mining devices; and/or (ii) hosting services for cryptocurrency mining devices.  After a brief period of subterfuge, the plaintiffs discovered that the defendants did not actually provide those machines or those services at all.  The plaintiffs' Declarations attest to the amounts they paid the defendants.

11.     Some of the plaintiffs attest that for a limited period of time after they paid the defendants for the machines/hosting services, the defendants remitted to them some amount of Bitcoin, under the pretense that these Bitcoin remits were "returns" generated by the machines that the defendants purportedly procured for them and were supposed to have been hosting for them.  As Alex Holmes attests in his declaration, defendant Stojanovich later admitted to him that these initial "returns" were actually just Bitcoins that Stojanovich obtained through "Nicehash" speculation.  Nicehash is a platform in which speculators can buy profit shares on other people's cryptocurrency mining devices; that is, instead of owning and running a machine, you pay the owner of another machine consideration in exchange for a share of the profits generated by that machine.  Stojanovich was paying those plaintiffs Bitcoins from his Nicehash activities to conceal the fact that he was not really hosting machines for them.  The defendants ultimately ceased even that charade and stopped communicating with the plaintiffs altogether.

12.     The plaintiffs to whom this happened explain as much in their Declarations.  (*See* Eller Declaration ¶¶9-10; Navarro Declaration ¶¶12-13; Tramontana Declaration ¶¶14-15.[2])  The plaintiffs maintain that the fictitious returns were clearly incidents of the defendants' fraud, used to conceal the non-

---

[2]     It also happened to plaintiff Holmes but the defendants induced him to "reinvest" those Bitcoin with them, so he ultimately netted no fictitious returns. (Holmes Declaration ¶8.)

4

performance and in several cases, induce the plaintiffs to make additional purchases or investments—an allegation that the defendants have not denied (*see* Complaint ¶¶45-47). Inasmuch as these transmissions were themselves artifices to defraud, the defendants should be estopped from reducing the plaintiffs' damages awards by virtue of any of the fraudulent returns. *See U.S. v. William L. Crow Constr. Co.,* 826 F. Supp. 647 (E.D.N.Y. 1993)(party who concealed facts from counterparty to induce performance was estopped from demanding payment for same); *see also Manufactures and Traders Trust Co. v. Bittorf*, 216 A.D.2d 72 (1st Dep't 1995).

**D.**     **An Inquest is Not Necessary**

13.     An inquest is not necessary because the amount of the damages is a sum certain. In this motion, we deliberately pursue the most basic and straightforward measure of damages: restitution of the amounts that the plaintiffs actually paid to the defendants. The plaintiffs attest to these payments in their Declarations, and offer documentary evidence of them.

WHEREFORE, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.2, the plaintiffs hereby request a default judgment against all defendants jointly and severally.

Dated: September 24, 2020         **E. STEWART JONES HACKER MURPHY LLP**
            Troy, New York

                           By:     *[signature]*
                                   Benjamin F. Neidl
                                   **SDNY Bar No: BN5818**
                                   *Attorneys for Plaintiffs*
                                   28 Second Street
                                   Troy, New York  12110
                                   Tel. No.:  (518) 274-5820