UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., | **DECLARATION OF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |
| Plaintiffs. | **BY JOSH NAVARRO** |
| -against- | Pursuant to 28 U.S.C. §1746 |
| CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, | Civ. Action No.: Civ. Action No.: 1:20-cv-04448-LJL |
| Defendants. | |

I, **JOSH NAVARRO**, declare under penalty of perjury that the following is true and accurate:

1. I am a plaintiff in this action. I respectfully submit this declaration to the clerk, in support of my motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2. This declaration is based on my personal knowledge.

2. I seek a default judgment against the defendants, jointly and severally, for the total sum certain of $181,125.00, itemized below. This sum certain represents purchase monies that I paid the defendants for goods which the defendants failed to deliver. This is detailed in the Complaint and further discussed below.

3. In June 2019, defendant Chet Stojanovich, holding himself out as the owner and sole officer of defendants Chet Mining Co., LLC and Chet Mining Co. Canada Ltd., offered to sell me cryptocurrency mining devices and one (1) year of hosting services for those devices. The devices included, without limitation, fifty (50) L3+/++ and 12 S9 units, for a price of $60,375.00.

4. Stojanovich transmitted to me a written invoice memorializing those terms on June 12, 2019, a true and accurate copy of which is annexed hereto as **Exhibit A**.

5. I accepted that offer. On July 16, 2019, I paid the purchase price ($60,375.00) by wire transfer, out of the account of Supernova Acquisitions LLC, a company that I own, to Chet Mining Co. LLC. A true and accurate copy of the wire transfer receipt is annexed hereto as **Exhibit B**.

6. In August 2019, Chet Stojanovich, holding himself out as owner and sole agent of Chet Mining Co. LLC and Chet Mining Co. Canada Ltd., offered to sell me additional mining devices and one (1) year of hosting services for those devices. The offered devices included 50 S9s and 50 L3s+/++ units, for a price of $120,750.00.

7. Stojanovich transmitted to me a written invoice memorializing those terms on August 12, 2019, a true and accurate copy of which is annexed hereto as **Exhibit C**.

8. I accepted that offer. On August 14, 2019, I paid the purchase price ($120,750.00) by wire transfer out of the account of Supernova Acquisitions LLC, a company that I own, to Chet Stojanovich personally. A true and accurate copy of the wire transfer receipt is annexed hereto as **Exhibit D**.

9. My July 16, 2019 and August 14, 2019 wire transfers to the defendants total $181,125.00.

10. The equipment I ordered was supposed to be delivered to and hosted at a cryptocurrency mining facility in Canada purportedly owned or controlled by the defendant Chet Mining Co. Canada Ltd. "Hosting" a person's mining machine means to connect it to a power source at a well-powered facility and run the machine so that it can operate, verify cryptocurrency transactions, and earn money for its owner.

11. As I allege in the Complaint (and which the defendants have not denied), the defendants did not deliver any of the equipment that I ordered, for which I paid the $181,125.00,

and the defendants have refused my demands that they return my money. (ECF Doc. #1, ¶¶65-66.)

12. Briefly, for a two-day period in August 2019, the defendants tried to make it appear as though they had delivered my machines to their facility and were hosting them, by paying me false returns. Specifically, the days of August 7 and 8, 2019, they remitted 0.745 Bitcoin to me. Chet Stojanovich characterized these Bitcoin payments to me as returns from my machines. But then these supposed returns stopped and the defendants ceased contact with me. I have since heard from other sources that defendant Stojanovich would sometimes generate pretextual "returns" for purchasers by buying "NiceHash" shares (according to my co-plaintiff Alex Holmes, Chet Sotjanovich admitted to him that he did this). NiceHash is an online platform in which you can purchase a financial interest in the returns of someone else's mining machine, instead of owning and hosting a physical machine yourself. I believe this is what happened with me. The defendants never provided me with serial numbers or any other proof that my machines existed and, as noted, eventually ceased contact with me altogether.

13. Bitcoin fluctuates in value, but the value by the day is tracked and published by numerous resources (similar to historic stock values), such as Yahoo Finance.[1] According to the daily closing averages reported there, the closing price of 1 Bitcoin on August 7, 2019 was $11,941.97, and on August 8, 2019 it was $11,966.41. Between those two days, the average closing price was $11,954.19. Therefore, the 0.745 in false returns I received from the defendants on August 7-9, 2019 was worth $8,905.87.

---

[1] https://finance.yahoo.com/quote/BTC-USD/history?period1=1558483200&period2=1584576000&interval=1d&filter=history&frequency=1d

14. My attorney discusses in his affirmation whether or not this amount should be deducted from my damages, and I will defer to his statements in that regard. But for the reasons set forth by him in his supplemental affirmation, I respectfully submit that it should not.

WHEREFORE, for the reasons set forth above and in the accompanying Affirmation of my attorney, I respectfully request a default judgment against the defendants, jointly and severally, in the sum of $181,125.00.

Executed on September 2, 2020

_____
Josh Navarro