UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., | **DECLARATION OF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |
| Plaintiffs. | **BY NICO TRAMONTANA** |
| against- | Pursuant to 28 U.S.C. §1746 |
| CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, | Civ. Action No.: Civ. Action No.: 1:20-cv-04448-LJL |
| Defendants. | |

I, **NICO TRAMONTANA**, declare under penalty of perjury that the following is true and accurate:

1. I am a plaintiff in this action. I respectfully submit this declaration in support of my motion for a default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2. This declaration is based on my personal knowledge.

2. I seek a default judgment against the defendants, jointly and severally, for the total sum certain of $80,550.00, itemized below. This sum certain represents purchase monies that I paid the defendants for goods which the defendants failed to deliver. This is detailed in the Complaint and further discussed below.

3. In June 2019, defendant Chet Stojanovich, who held himself out as the owner and sole officer of defendant Chet Mining Co., LLC, offered to sell me cryptocurrency mining devices and one (1) year of hosting services for those devices. The devices included fifty (50) L3+/++ and 12 S9 units, for a price of $114,843.75.

4. Mr. Stojanovich transmitted to me a written invoice memorializing those terms on June 19, 2019, a true and accurate copy of which is annexed hereto as **Exhibit A**.

1

5.  I accepted the offer. I spoke with Mr. Stojanovich about a structured payment plan. We agreed that I would pay the purchase price in installments, and the defendants would deliver and host the devices likewise, proportionally, in installments.

6.  To that end, I paid a first installment of $30,025 to Chet Mining Co, LLC on June 19, 2019 by wire transfer. A true and accurate copy of the wire transfer record (with account numbers redacted) is annexed hereto as **Exhibit B**.

7.  I paid a second installment of $25,000 to Chet Mining Co., LLC on June 24, 2019, by wire transfer. A true and accurate copy of the wire transfer record (with account numbers redacted) is also shown in Exhibit B.

8.  I paid a third installment of $7,525 to Chet Mining Co., LLC on June 25, 2019, by wire transfer. A true and accurate copy of the wire transfer record (with account numbers redacted) is annexed hereto as **Exhibit C**.

9.  I paid a fourth installment of $10,000 to Chet Mining Co., LLC on July 12, 2019, by wire transfer. A true and accurate copy of the wire transfer record (with account numbers redacted) is annexed hereto as **Exhibit D**.

10. Those four wire transfer payments total of $72,550. As I describe below, later (on July 21, 2019) the defendants also induced me to pay them another $3,710.19 in Bitcoin, for a grand total of $76,260.19.

11. The machines I ordered were supposed to be delivered to and hosted at a cryptocurrency mining facility purportedly owned or controlled by defendant Chet Mining Co. Canada. "Hosting" a person's mining machine means to connect it to a power source at a well-powered facility and run the machine so that it can operate, verify cryptocurrency transactions, and earn money for its owner.

12. As I allege in the Complaint (and which the defendants have not denied), the defendants did not deliver any of the equipment that I ordered, for which I paid the foregoing $72,550, and the defendants have refused my demands that they return my money. (ECF Doc. #1, ¶¶74-75.)

13. Initially, the defendants deceived me into believing that they had delivered my machines to their facility and were hosting them. They did this by paying returns to me, from time to time, in the form of Bitcoin, in the period from the period of time, totaling 2.94003817 Bitcoin. Chet Stojanovich characterized these Bitcoin payments to me as returns from my machines. After a while Stojanovich urged me to "reinvest" some of the returns back into venture for better mining capacity for my machines. I was unaware at the time that there were no machines so, in reliance on Stojanovich's proposal, I transferred him .35000470 Bitcoin on July 21, 2019. Attached as **Exhibit E** is a screen capture of my Bitcoin wallet demonstrating that transfer. On July 31, 2019, the closing value of 1 Bitcoin was $10,599.11 and, therefore, the value of .35000470 was $3,710.19.[1]

14. After that, over time I became suspicious because the "returns" from the defendants became irregular and erratic, and Stojanovich began evading my attempts to reach him (eventually ceasing contact altogether). I have since heard from other sources that Stojanovich would generate pretextual "returns" for purchasers by buying "NiceHash" shares (according to my co-plaintiff Alex Holmes, Chet Sotjanovich eventually admitted to him that he did this). NiceHash is an online platform in which you can purchase a financial interest in the returns of someone else's mining machine, instead of owning and hosting a physical machine yourself. I believe this is what

---

[1] Historical daily values of Bitcoin are tracked by many online resources, including Yahoo Finance: https://finance.yahoo.com/quote/BTC-USD/history?period1=1558483200&period2=1584576000&interval=1d&filter=history&frequency=1d

happened with me. The defendants never provided me with serial numbers or any other proof that my machines existed and, as noted, eventually ceased contact with me altogether.

15. As noted above, the defendants transmitted to me 2.94003817 Bitcoin in pretextual returns, of which I "paid back" .35000470 Bitcoin to the defendants on July 21, 2019 (for what I was led to believe was a reinvesement), leaving my net pretextual returns as 2.59003401. With a per Bitcoin value of $10,599.11 as of July 21, 2019, that would make the value of those net pretextual returns $27,452.06. My attorney discusses in his affirmation whether or not this amount should be deducted from my damages, and I will defer to his statements in that regard. But for the reasons set forth by him in his supplemental affirmation, I respectfully submit that it should not.

WHEREFORE, for the reasons set forth above and in the accompanying Affirmation of my attorney, I respectfully request a default judgment against the defendants, jointly and severally, in the sum of $76,260.19.

Executed on September __18__, 2020

_____
Nico Tramontana