UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., <br><br>                                   Plaintiffs. <br><br>          against- <br><br> CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, <br><br>                                   Defendants. | **ATTORNEY AFFIRMATION IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT FOR PLAINTIFFS YASAR CORPORATION AND ONE PUPRPOSE LTD.** <br><br><br> Case No.:  1:20-CV-04448-LJL |

_____

**BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

1. I am of counsel to the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiffs in the above-captioned matter. I respectfully submit this affirmation in support of the motion for default judgment pursuant to Fed. R. Civ. P. 55(b), Local Rule 55.2(b) and Judge Linman's individual practices, in favor of plaintiffs Yasar Corporation and One Purpose Ltd.  This affirmation is based upon my personal knowledge.

2. I annex the following previously-filed documents as Exhibits to this motion:

    a. **Exhibit A** – The Summons and Complaint;

    b. **Exhibit B** – A true and accurate copy of an Affidavit of Service regarding the Summons and Complaint that the plaintiffs electronically filed on July 2, 2020 (ECF Doc. #10);

    c. **Exhibit C** – A true and accurate copy of an additional Affidavit of Service regarding the Summons and Complaint that the plaintiffs electronically filed on July 2, 2020 (ECF Doc. #11);

1

d. **Exhibit D** – A true and accurate copy of my Attorney Affirmation dated September 2, 2020, which I submitted in support of our request for a Clerk's Certificate of Default (ECF Doc. #17);

e. **Exhibit E** – The Clerks' Certificate of Default, issued September 2, 2020 (ECF Doc. #18);

f. **Exhibit F** – A true and accurate copy of Wyoming Secretary of State's online corporate profile for defendant Chet Mining Co., LLC (a Wyoming limited liability company).[1]

3. This motion is also supported by several other papers electronically filed simultaneously with this Affirmation. They are:

a. The Declaration of the Brad Yasar in favor of plaintiffs Yasar Corporation and One Purpose LTd. (the **"Yasar Declaration"**);

b. Statement of Damages for plaintiff Yasar Corporation;

c. Statement of Damages for plaintiff One Purpose Ltd.;

d. Proposed Default Judgment for plaintiff Yasar Corporation; and

e. Proposed Default Judgment for plaintiff One Purpose Ltd.

4. This motion seeks a default judgment against all three defendants, jointly and severally. The other plaintiffs to this action (Alex Holmes, Josh Navarro, Nico Tramontana and Bitcoin Ventures 2020, LLC) have previously (and recently) made a motion for default of their own against the defendants, which is pending. (*See* ECF Docs. #19 - #31.)

**A.    A Description of the Method and Date of Service of the Summons and Complaint.**

5. A description of the method and dates of service of the Summons and Complaint is provided narratively in Exhibit D hereto (my Affirmation in support of the application for a Clerk's Certificate of Default). The affidavits of service annexed hereto as Exhibits B and C hereto.

---

[1] The Wyoming Secretary of State publishes these profiles at its website, at
https://wyobiz.wyo.gov/Business/FilingSearch.aspx

2

**B.     The Proposed damages and the Basis for Each Element of Damages, Including Attorneys' Fees and Costs.**

6.     The damages sought in this application are relatively straightforward.  As described in the Yasar Declaration, plaintiffs Yasar Corporation and One Purpose Ltd. paid sums certain to the defendants in exchange for cryptocurrency mining services that the defendants were supposed to provide, but did not provide.  This motion seeks judgments against all three defendants jointly and severally against all defendants—for the reasons alleged in the Complaint (which the defendant has not appeared to deny) the defendants were alter egos of each other.

7.     The proposed default judgments seek restoration of the dollar amounts that Yasar Corporation and One Purpose each paid to the defendants.  The Yasar Declaration itemizes those payments and attaches documentary evidence as exhibits.  These damages constitute the plaintiffs "out of pocket loss," awardable to them as damages for fraud.  *See Revell v. Guido*, 124 A.D.3d 1006, 1009 (3d Dep't 2015).  This reliance measure of damages is also an appropriate remedy for breach of contract, to place the plaintiff in as good a position it would have occupied as though the contract had not been made.  *See Cachet Financial Services v. MyPayRollHR*, 2020 WL 5232275, at *10 (N.D.N.Y. 2020).

8.     This motion does not seek attorneys' fees.

**C.     Evidence of the Proposed Damages**

9.     The evidence of the proposed damages is provided in Yasar Declaration.  Yasar attests to the particular amounts that each of these two plaintiffs paid.  Specifically, Yasar Corporation paid the defendants $102,224.00 by wire transfer (Yasar Dec. ¶9) and One Purpose paid the defendants $365,460.15 in cryptocurrency transfers (Yasar Dec. ¶7), for a grand total of $467,684.15.  Yasar also attests to the underlying transaction details that induced these payments.  The crux of the matter is that in exchange for these payments, the plaintiffs were supposed to host their cryptocurrency mining devices.

To "host" a cryptocurrency mining device means to power and operate the machines so that they can verify crypto transactions and make money for the machine's owner—this is normally done at specialty facilities with access to large amounts of electrical power. These moving plaintiffs delivered hundreds of machines to the defendants for hosting, but instead of hosting the machines as promised, the defendants dumped them in a storage unit (where they were not operating) and disappeared. Yasar Corporation and One Purpose eventually recovered the machines from the third-party storage company, but have not recovered any of their payments from the defendants. (Yasar Dec. ¶¶3 – 12.)

10. As Mr. Yasar attests in his declaration, on two days in 2019—June 2 and June 3—the defendants postured as though they were hosting the machines, by paying fictitious Bitcoin "returns" back to One Purpose. (Yasar Dec. ¶12.) This briefly made it appear as though the defendants were actually hosting the machines and that they were generating income for the plaintiffs (cryptocurrency mining devices generate income for their owners in the form of cryptocurrency[2]). However, the defendants never forwarded any putative "returns" again. On June 2, 2019, the defendants transmitted 0.17 Bitcoin to One Purpose, and on June 3 transmitted 5.0 Bitcoins to One Purpose. (Id.) These were not, in fact, generated by hosting the plaintiffs' machines. As discussed above and in the Yasar Declaration, Yasar Corporation and One Purpose later investigated and confirmed that the defendants did not run the machines, but rather only stored them (Yasar Dec. ¶¶13-14). Defendant Chet Stojanovich has admitted to one of the plaintiffs that he generated fictitious returns like this by simply engaging in "Nicehash" speculation. Nicehash is a platform in which speculators can buy profit shares on other people's cryptocurrency mining devices; that is, instead of running a machine, you pay the owner of another machine consideration in exchange for a

---

[2] Generally speaking, when a mining device verifies the authenticity of a crypto payment for a third-party e-merchant, the owner of the mining device is paid a fee in the form of a fraction of crypto payment that is verified. So, for example, if an online retailer receives 0.1 Bitcoin from a purchaser of goods or services, the crypto miner who verified the authenticity of the Bitcoin receives a fraction of that 0.1 Bitcoin as payment.

share of the profits generated by that machine. Stojanovich admitted to plaintiff Alex Holmes that he was paying the plaintiffs Bitcoins from his Nicehash activities to conceal the fact that he was not really hosting machines for them. (Yasar Dec. ¶13.) The defendants have also not denied these allegations in the Complaint (*see* Complaint ¶¶45-47). Inasmuch as these transmissions were themselves part of the artifices to defraud, the defendants should be estopped from reducing the plaintiffs' damages awards by virtue of any of the fraudulent returns. *See U.S. v. William L. Crow Constr. Co.*, 826 F. Supp. 647 (E.D.N.Y. 1993)(party who concealed facts from counterparty to induce performance was estopped from demanding payment for same); *see also Manufactures and Traders Trust Co. v. Bittorf*, 216 A.D.2d 72 (1st Dep't 1995).

**D.    An Inquest is Not Necessary**

11.    An inquest is not necessary because the amount of the damages is a sum certain. In this motion, we deliberately pursue the most basic and straightforward measure of damages: restitution of the amounts that the plaintiffs actually paid to the defendants. Brad Yasar attests to these payments in their Declarations, and offer documentary evidence of them.

12.    As noted, the combined total of damages to Yasar Corporation and One Purpose under this measure is $467,684.15, which is comprised of a $102,224.00 by wire transfer by Yasar Corporation (Yasar Dec. ¶9) and $365,460.15 in cryptocurrency payments by One Pupose (Yasar Dec. ¶7). For clarity's sake, we submit two proposed default judgments, one for Yasar Corporation in the amount of $102,224.00, and one for One Purpose in the amount of $365,460.15, with interest at 9% per annum on on both pursuant to NY CPLR §5001, which applies in this case resting on the Court's diversity jurisdiction. *See Quincy Fire Ins. Co. of N.Y. v. N.Y. Central Mut. Fire Ins. Co.,* 89 F. Supp. 3d 291 (N.D.N.Y. 2014).

WHEREFORE, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure and Local Rule 55.2, the plaintiffs hereby request a default judgment against all defendants jointly and severally.

Dated: September 28, 2020  
       Troy, New York

**E. STEWART JONES HACKER MURPHY LLP**

By: */s/ Benjamin F. Neidl*

Benjamin F. Neidl  
**SDNY Bar No: BN5818**  
*Attorneys for Plaintiffs*  
28 Second Street  
Troy, New York 12110  
Tel. No.: (518) 274-5820