UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., | **DECLARATION OF IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT** |
| Plaintiffs. | **BY BRAD YASAR FOR PLAINTIFFS YASAR CORPORATION AND ONE PURPOSE LTD.** |
| -against- | |
| CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, | Pursuant to 28 U.S.C. §1746 |
| Defendants. | Civ. Action No.: Civ. Action No.: 1:20-cv-04448-LJL |

I, **BRAD YASAR**, declare under penalty of perjury that the following is true and accurate:

1. I am a principal of plaintiffs Yasar Corporation ("YC") and One Purpose Ltd. ("One Purpose").[1] I respectfully submit this declaration in support of the motion for default judgment by YC and OnePurpose pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.2. This declaration is based on my personal knowledge.

2. These plaintiffs seek a default judgment against the defendants, jointly and severally, for the total sum certain of $467,684.15, itemized below. This sum certain represents purchase monies that these plaintiffs paid the defendants for services that they failed to render. This is detailed in the Complaint and further discussed below. Plaintiff Yasar Corporation is an owner of plaintiff One Purpose, and both plaintiffs paid certain monies to the defendants described below.

---

[1] Plaintiff Yasar Corporation is a part owner of plaintiff One Purpose. Accordingly, plaintiffs Yasar Corporation and One Purpose are affiliates.

1

3.   Effective March 6, 2019, One Purpose entered into a written Hosting Services Agreement with the defendants through the purported company "Chet Mining Co. Canada, Ltd." A true and accurate copy of that contract is annexed hereto as **Exhibit A**.

4.   In that agreement, the defendants agreed to host mining devices that One Purpose would ship to their purported mining facility in Canada. To "host" another person's mining devices means to take physical custody of them, and plug them into an electrical network in a controlled facility so that the machines may run and generate income for the owner. Unlike the other plaintiffs in this case, One Purpose did not purchase mining devices from the defendants; One Purpose already owned devices and only needed to purchase the hosting services from the defendants.

5.   The Hosting Services Agreement provided that One Purpose would pay a base fee of $393,827.85 for the hosting services, and would pay $308,827.85 of that amount at the outset as a deposit.

6.   After signing the Hosting Services Agreement we had further negotiations with the defendant Chet Stojanovich about the price, and he requested an increase in the deposit amount to approximately $365,000.

7.   In March 2019, One Purpose caused the full amount of the deposit to be paid to the defendants. Specifically, in March 2019, One Purpose effectuated several transfers of cryptocurrency to Chet Stojanovich's personal cryptocurrency wallets, to pay the deposit. My transfer records for those transactions are annexed hereto as Exhibits B through G. The following table lists the transfers and identifies the associated exhibits:

| Transfer Date | Cryptocurrency Units Transferred | Dollar Value as of Transfer Date | Exhibit |
|---|---|---|---|
| March 5 | 1.28 Bitcoins | $4,844.69 | Exhibit B |
| March 5 | 26.43 Bitcoins | $100,035.31 | Exhibit C |
| March 5 | 26.42 Bitcoins | $3,414.26 | Exhibit D |
| March 6 | 244 Ethereum | $33,300.65 | Exhibit E |
| March 10 | 32.66 Bitcoin | $129,541.97 | Exhibit F |
| March 12 | 32.35 Bitcoin | $127,623.92 | Exhibit G |
| | **TOTAL:** | **$365,460.15** | |

One Purpose's principals effectuated these transfers from several different cryptocurrency wallets that they controlled.

8. In late April 2019, defendant Chet Stojanovich represented to me that it would be necessary to increase the price for the hosting services beyond the $393,827.85 base fee recited in the Hosting Services Agreement. After some additional discussion, One Purpose agreed to pay approximately $120,000 more in hosting fees. On April 26, 2019, defendant Chet Mining Co., LLC (not "Chet Mining Co. Canada") issued a written invoice to me, charging for the additional fees in the amount of $102,224.00. A true and accurate copy of that invoice is annexed hereto as **Exhibit H**.

9. On May 1, 2019, Yasar Corporation effectuated payment to Chet Mining Co., LLC in the amount of $102,224.00, to pay the additional hosting services fees. Yasar Corporation effectuated payment by wire transfer from a fund that its principals controlled. CMC accepted the payment. A true and accurate copy of our account statement evidencing that wire transfer receipt is annexed hereto as **Exhibit I** (account numbers are redacted, and line items pertaining to different to other, unrelated transactions are redacted).

10. Between the plaintiffs' March 2019 cryptocurrency transfers and May 1, 2019 wire transfer, Yasar Corporation paid the defendants **$467,684.15** in fees for hosting services that the defendants never provided.

11.     Pursuant to the parties' agreement, in early May 2019, One Purpose shipped approximately 1,200 cryptocurrency mining devices to the putative mining facility in Canada, where the defendants were purportedly going to host the machines.

12.     The machines were supposed to "go live" within a few days of delivery but they never did (as I discuss below). However, on June 2 and June 3, 2019, the defendants transferred One Purpose some Bitcoin, which defendant Stojanovich falsely claimed were "returns" generated by the operation of our machines. Specifically, on June 2, the defendants transferred 0.17 Bitcoin (with a then cash value of $1,486.30) and on June 3, 2019 transferred 5.0 Bitcoin (with a then cash value of $41,044.85).[2] But the defendants never transferred any other purported returns again after that.

13.     I later learned from other sources that defendant Stojanovich would generate pretextual "returns" for hosting customers by buying "NiceHash" shares (according to our co-plaintiff Alex Holmes, Chet Sotjanovich admitted to him that he did this). NiceHash is an online platform in which you can purchase a financial interest in the returns of someone else's mining machine, instead of owning and hosting a physical machine yourself. I believe this is what happened with One Purpose.

14.     Indeed, when we didn't receive any further returns, our investigator contacted the Canadian mining facility where the defendants were allegedly hosting our machines to inquire about the status. The people operating that facility reported that they did not have our machines, and revealed that Chet Stonajovich and the other defendants did not actually own or control this facility (as we were led to believe). The facility operators said that our machines were temporarily

---

[2]     Historic Bitcoin values are archived in many online resources, including Yahoo Finance (https://finance.yahoo.com/quote/BTC-USD/history ). On June 2, 2019 the adjusted closing value per Bitcoin was $8,742.96, and on June 3 it was $8,208.99.

4

delivered there, but that they were never operated, and Chet Stojanovich (whom they knew but did not work for) had our machines picked up and placed in a storage unit near the facility. I contacted the owner of the storage business and confirmed that our machines where there (and were not plugged in or operating). Eventually I was able to retrieve our machines from the storage unit. But we have not been refunded the hundreds of thousands of dollars that we advanced to the defendants for hosting services that they never provided. This is all alleged in our Complaint, and the defendants have not denied it. (Cplt ¶¶84-96.)

15. Our attorney discusses in his affirmation whether or not the amount of the fictitious returns from June 2 and June 3, 2019 (¶13 above) should be deducted from our damages, and I will defer to his statements in that regard. But for the reasons set forth by him in his affirmation, I respectfully submit that it should not.

WHEREFORE, for the reasons set forth above and in the accompanying Affirmation of my attorney, I respectfully request a default judgment against the defendants, jointly and severally, in the sum of $467,684.15.

Executed on September 25, 2020

_____
Brad Yasar