UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., | **ATTORNEY AFFIRMATOIN IN SUPPORT OF MOTION FOR CONTEMPT SANCTIONS AGAINST THE DEFENDANTS** |
| Plaintiffs. | |
| against- | Case No.:  1:20-CV-04448-LJL |
| CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, | |
| Defendants. | |

_____

JOHN F. HARWICK, ESQ., an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

1.  I am a partner with the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the plaintiffs in the above-captioned matter. I respectfully submit this Affirmation in support of the plaintiffs' motion for contempt sanctions against the defendants pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, and SDNY Local Rule 83.6.  This Affirmation is based upon my personal knowledge.

    **A.**    **The Plaintiffs' Default Judgments Against the Defendants.**

2.  I commenced this action on behalf of the plaintiffs by filing a Complaint on June 10, 2020 (ECF Doc. #1).  A true and accurate copy of the Complaint is annexed hereto as **Exhibit "A"**.  The Complaint sought money damages against the defendants for breach of contract, civil RICO and various torts.  In sum or substance, defendant Chet Stojanovich, directly and through two companies he controls (defendants Chet Mining Co., LLC and Chet Mining Co. Canada Ltd.)

1

defrauded the plaintiffs by purporting to sell them cryptocurrency mining computers which he never possessed and never delivered—the defendants accepted hundreds of thousands of dollars from the plaintiffs in payment for the machines, and simply absconded with the money.

3. After commencement of this action the plaintiffs timely effectuated service of process (see ECF Docs. #10 - #11). The defendants failed to appear. The Clerk issued a Certificate of Default as against all defendants on September 2, 2020 (ECF Doc. #18).

4. By September 28, 2020, the plaintiffs moved for default judgments against all defendants (ECF Doc. #19 - #39). The Court granted the motion and issued default judgments to each plaintiff on November 25, 2020 (ECF Docs. #41 - #45), and subsequently amended those judgments, *sua sponte*, on February 16 and 18, 2021 (ECF Docs. #54 - #60). True and accurate copies of the Amended Default Judgments are annexed hereto as **Exhibit "B"**.

B.  **Stojanovich's Frustration of Post-Judgment Subpoenas**

5. On January 29, 2021 I issued a subpoena to the defendants pursuant to Rule 45 of the Federal Rules of Civil Procedure. The purpose of the subpoena was to discover the plaintiffs' assets (if any) and their whereabouts, in order to levy against eligible assets toward satisfaction of the judgment in accordance with N.Y. Civil Practice Law and Rules (CPLR) Article 52. The subpoena compelled the defendants to produce various books and records concerning their financial accounts and other assets, and compelled defendant Chet Stojanovich to appear for a virtual deposition on March 29, 2021. A true and accurate copy of that subpoena, with affidavit of service, is annexed hereto as **Exhibit "C"**.

6. The defendants did not produce any of the documents sought by the subpoena, and Mr. Stojanovich failed to appear for the virtual deposition at the appointed time on March 29. I waited online with the stenographer for a half hour before deeming Mr. Stojanovich absent. A

true and accurate copy of the transcript of that appearance is annexed hereto as **Exhibit "D"**. As noted in the transcript, in the days preceding the deposition I sent an email and a text message to Mr. Stojanovich reminding him of the deposition.

7. Later in the day on March 29, 2021, Mr. Stojanovich called me by telephone and claimed that his failure to appear at the deposition was inadvertent. Mr. Stojanovich acknowledged receipt of the subpoena. He advised that he was available to give a deposition on April 1, 2021 and agreed to appear virtually on that date.

8. Thereafter, on March 29, 2021, I generated a revised subpoena with a new deposition date of April 1, 2021 (and requesting the same documents as the prior subpoena) and served it upon Mr. Stojanovich by overnight delivery and email. A true and accurate copy of that subpoena, with cover letter and affidavit of service, is annexed hereto as **Exhibit "E"**.

9. The defendants again failed to produce any of the requested documents, and Mr. Stojanovich again failed to appear for his deposition at the appointed time on April 1. A true and accurate copy of the transcript of my appearance at that deposition is annexed hereto as **Exhibit "F"**.

10. On May 11, 2021 I wrote and emailed a letter to Mr. Stojanovich warning him that if he did not agree to sit for a deposition within 30 days the plaintiffs would move for contempt. A true and accurate copy of that letter is annexed hereto as **Exhibit "G"**.

11. Shortly after that, Mr. Stojanovich called me by telephone and purportedly agreed (again) to sit for a virtual deposition. Mr. Stojanovich and I compared calendars and agreed on a deposition date of June 10, 2021. On May 18, 2021, I served the defendants with another subpoena (requesting the same documents as the previous subpoenas) setting the new deposition date of June

10. A true and accurate copy of that subpoena, with affidavit of service and cover letter, is annexed hereto as **Exhibit "H"**.

12. In response to that May 18 subpoena, the defendants produced only one document: a bank account statement for an account maintained by Chet Mining Co. LLC at Chase bank. The defendants produced no other responsive documents (the subpoena demanded 61 items).

13. Mr. Stojanovich did appear, *pro se*, for the virtual deposition at the appointed time on June 10, 2021. However, in the course of a brief discussion with me on the record, he asked for an opportunity to hire counsel. I agreed to adjourn the deposition one final time to allow him a chance to get an attorney. A true and accurate copy of the transcript of that exchange is annexed hereto as **Exhibit "I"**.

14. During our June 10 conversation, Mr. Stojanovich acknowledged that he had additional documents responsive to the subpoena that he had not yet produced. (Exhibit I pg. 6.)

15. During our June 10 conversation, Mr. Stojanovich and I compared calendars and agreed to resume the deposition on June 23, 2021. (Id. pg. 7.)

16. Mr. Stojanovich appeared for the virtual deposition at the appointed time on June 23, 2021. A true and accurate copy of that proceeding is annexed hereto as **Exhibit "J"**.

17. During the June 23 deposition, it became clear that Mr. Stojanovich possessed or had access to numerous records that were responsive to my subpoenas, but which he never produced. These included, at the very least:

> a. Records from a securities trader called "Robinhood," concerning securities that Stojanovich might own (Exhibit J pg. 11-12);
>
> b. Electronic copies of Stojanovich's personal financial statements (Id. pg. 21);

4

    c. Stojanovich's Last Will and Testament (id. pg. 32);

    d. Stojanovich's credit report (id. pg. 34);

    e. Data in Stojanovich's Google Drive (cloud) account that purportedly will show his crypto trades, a list of employees or contractors to whom Stojanovich may have remitted some of the plaintiffs' money,[1] and possibly records concerning cryptocurrency mining computers that Stojanovich allegedly ordered for the plaintiffs (id. pg. 52 - 57);

    f. Account statements for the bank account(s) in which Stojanovich accepted payments from the plaintiffs, or deposited payments from the plaintiffs (id. pg. 67-68);

    g. An external hard drive which, according to Stojanovich, may contain records showing that he actually did procure crypto mining machines for the plaintiffs, or that he at least entered into transactions with third-parties to procure them for the plaintiffs (77-83)[2];

    h. Account statements for financial accounts that Stojanovich maintained at Charles Schwab and T.D. Ameritrade, which he claims have been liquidated (id. pg. 107-08).

---

[1] Stojanovich admitted during his deposition that he accepted money from the plaintiffs. However, he suggested that he did not abscond with it, but may have used it to pay employees or independent contractors for some unspecified services rendered. (Id. pg. 77-79.)

[2] I believe that Mr. Stojanovich's remarks about transacting to procure the machines were a lie that he belatedly invented to deny his liability for the plaintiffs' damages. Nevertheless, if he does have records showing that he transacted with and/or paid third-parties to acquire machines for the plaintiffs, those could be very relevant to determining if there are third-parties in receipt of the plaintiffs' money, against whom some form of collection might be had. Here again, I think Stojanovich was almost certainly lying, but based on his own testimony the hard drive is discoverable.

18. In addition, Stojanovich was thoroughly evasive during his testimony, claiming repeatedly that he "would have to check" un-produced records in order to answer various deposition questions, such as: whether Stojanovich owned interests in any other business (something he claimed he would have to check on with a business manager called Singer Burke Capital, id. pg. 23); how much money Stojanovich received from a testamentary trust created by his late father (id. pg. 25); which of his credit cards are still active (id. pg. 31-32); and how much cryptocurrency Stojanovich owned before his then-recent, alleged liquidation[3] of his various crypto wallets (id. pg. 45 - 51).

19. After the testimony about the foregoing subjects (and others), I adjourned the deposition, on the record, and demanded that Stojanovich produce the foregoing records (all of which are responsive to the subpoena) check whatever he had to check to answer the questions that he was unprepared to answer on June 23. (Id. pg. 108-09.) We set an adjourned date to continue the deposition on July 28, during which I intended to question him about the additional documents and the matters he allegedly "had to check on." (Id. pg. 112-13.)

20. The deposition did not continue on July 23, but instead continued on September 2. See, **Exbibit "K"** attached hereto.

21. By mutual agreement, we rescheduled the deposition to September 2, 2021. The morning of September 2, 2021 I spoke with Stojanovich via telephone to remind him that the deposition was resuming that day, and he acknowledged that. However, he failed to appear for the deposition at the appointed time. A true and accurate copy of the transcript of my appearance at the deposition is annexed hereto as **Exhibit "L"**.

---

[3] Stojanovich testified during the June 23, 2021 deposition that in recent months he had liquidated his cryptocurrency wallets. (Id. pg. 45-47.)

22. Stojanovich also failed to produce any of the records identified in ¶18 above.

23. To date, the plaintiffs have not succeeded in collecting on any portion of the judgments, because the defendants have not made a full and fair disclosure of their assets.

24. The defendants never interposed any objections to any of the subpoenas that the plaintiffs served upon them.

**C.    Relief Requested**

25. Failure to obey a civil subpoena issued pursuant to Fed. R. Civ. P. 45 is punishable as a contempt of court. See Rule 45(g). Contempt sanctions may include escalating fines for each day of continued non-compliance, compensatory damages and attorney's fees, and even arrest and imprisonment to compel compliance. *Chevron Corp. v. Donziger*, 384 F. Supp. 3d 465, 504 (S.D.N.Y. 2019).

26. To say that the defendants exhibit a pattern of lawlessness is an understatement. In this case alone, the defendants' fraud and thievery has spawned six judgments totaling over $1.5 million. (Exhibit B) Moreover, the Court has granted judgments against these same defendants in favor of other plaintiffs, for the exact same scheme. *See Andrew Schwartzberg v. Chet Mining Co.*, LLC *et. al.*, Civ. Action No. 1:20-CV-01880; *3 Point Ventures Ltd. v. Chet Mining Co., LLC et al.*, Civ. Action No. 1:20-CV-02531; *Ethereum Venutres LLC v. Chet Mining Co., LLC et al*, 1:20-CV-7949.

27. The defendants continue to thwart justice by ignoring or otherwise frustrating duly-issued subpoenas aimed at enforcement of the Court's Judgments. The defendants simply disobeyed the subpoenas that I issued on January 29 and March 29, 2021 (Exhibits D and E). Although defendant Stojanovich eventually appeared for a virtual deposition on June 23, 2021 (Exhibit J) his behavior during the deposition was a mockery of the Court's authority over him.

7

Repeatedly he acknowledged the existence of critical records that were responsive to the subpoenas which he has never produced (see ¶18, above) and which impeded the examination. He also failed to answer even elementary questions about his assets, based on the repeated, risible contention that he would "have to check" on this, that or the other thing. When I gave him one last adjournment of the deposition to produce those records and marshal those details, Stojanovich again defaulted—he produced nothing further, and he failed to appear at the adjourned deposition session on September 2, 2021. The defendants are in contempt.

28.     The plaintiffs respectfully request the Court order the defendants to produce all records responsive to the document requests in the annexed subpoenas, including those identified in ¶18 above, by a date certain.

29.     The plaintiffs respectfully request that the Court order defendant Stojanovich to appear for a continued virtual deposition on a date certain.

30.     The plaintiffs respectfully request that the Court impose, in its order, a penalty of escalating fines for each day of the defendants' non-compliance beyond the above-requested deadlines. If there is anything the defendants have revealed about themselves, it is that they will not cooperate unless they are incentivized to do so.

31.     The plaintiffs also respectfully request that the Court impose, in its order, a penalty of $10,000.00, to compensate the plaintiffs for attorneys' fees incurred in issuing and serving the prior subpoenas, and in the preparation for the prior deposition sessions. We reserve our right to supplement this motion with attorney billing statements if the Court finds Mr. Stojanovich in Contempt.

32.     Finally, a copy of SDNY Local Rule 83.6 is attached as **Exbibit "M"** and is being served on the defendant Chet Stojanovich herein.

WHEREFORE, pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, and SDNY Local Rule 83.6, the plaintiffs hereby request an Order holding the defendant Chet Stojanovich in contempt court. The Court should award the movants damages, including reasonable attorney's fees. The Court should further order that Chet Stojanovich fully comply with the movants' subpoena and supply all information requested and answer all questions posed at a further deposition fully and truthfully or else be subject to the penalty of criminal contempt of court.

Dated: January 12, 2021  **E. STEWART JONES HACKER MURPHY LLP**
Schenectady, New York

By:    */s/ John F. Harwick*
John F. Harwick, Esq.
SDNY Bar Roll No.: JH5253
*Attorneys for Plaintiffs*
200 Harborside Drive, Suite 300
Schenectady, New York 12305
Tel. No.: (518) 213-0113
Jharwick@joneshacker.com