EXHIBIT "K"

# E. STEWART
# Jones Hacker Murphy LLP

## ATTORNEYS & COUNSELORS AT LAW

**Please send all mail to:**
**TROY OFFICE**

28 SECOND STREET
TROY, NY 12180
PHONE: (518) 274-5820

200 HARBORSIDE DRIVE, SUITE 300
SCHENECTADY, NY 12305
PHONE: (518) 783-3843

511 BROADWAY
SARATOGA SPRINGS, NY 12866
PHONE: (518) 584-8886

1659 CENTRAL AVENUE, SUITE 103
ALBANY, NY 12205
PHONE: (518) 486-8800

FAX: (518) 274-5875

www.joneshacker.com

August 10, 2021

**VIA U.S. MAIL & E-MAIL TO:**
chet@chetminingco.com
Chet Stojanovich
105 Duane Street, Apt. 20F
New York, New York 10007

RE:    Alex Holmes, et al. v. Chet Stojanovich, et al.  Case No.: 7:20cv04448 and
       Andrew Schwartzberg v. Chet Stjanovich, et al.  Case No.: 1:20cv01880

Dear Chet:

Enclosed please find hard copies of the subpoenas that were served upon your relatives.

The continuation of your deposition is scheduled for September 2, 2021 at 2:00 P.M. (EST) via Zoom conferencing.  The link for the Zoom deposition is as follows:

https://us02web.zoom.us/j/85307125991?pwd=eEJwSTNFQ2hULzhtakJsOWw1S2ZHUT09
Meeting ID: 853 0712 5991
Passcode: 929145

Please be advised that if you fail to appear at this deposition, we will make a motion to hold you in contempt of Court.

Please provide my offices with electronic copies of documents in your possession, custody or control at least 2 days before the date for your deposition along with your log in information for your I-Cloud accounts for the documents requested by the subpoena.  I have also enclosed an additional copy of the documents requested for your convenience.

Very truly yours,

E. STEWART JONES HACKER MURPHY LLP

*/s/ John F. Harwick*
John F. Harwick, Esq.
jharwick@joneshacker.com
Direct Dial: (518) 213-0113

JFH:dmd
Enclosure
cc:    Clients

## Exhibit A

Produce the following items relating to Chet Mining Co., LLC, Chet Mining Co Canada LTD and Chet Stojanovich (collectively the "Debtors") for the past six (6) years:

1. All documents showing loans to others;
2. General ledger and checkbooks;
3. Federal and State Income Tax Returns, including all schedules and amendments;
4. Bank account statements (*e.g.*, cash accounts, checking accounts, savings accounts);
5. Certificates of deposit;
6. Balance sheets;
7. A list of assets and/or inventory owned or leased ;
8. Any documents showing monies owed to the Debtors;
9. A list of all accounts receivable, with the debtor's addresses;
10. Documents showing any transactions with insiders (*e.g.* employees, shareholders, members, owners, officers or directors of the Debtors);
11. Financial statements;
12. Deeds to any and all real property owned or controlled;
13. Documents showing ownership, leasing or control of any real property, equipment, boat, aircraft or vehicles;
14. Appraisals of any real or personal property owned;
15. Loan and/or line of credit applications;
16. All audited or unaudited financial statements and disclosures;
17. Audit reports;
18. UCC filings and financing statutes;
19. Payroll account records;
20. Shareholder agreements;
21. Operating agreements of any LLC owned or operated by Debtors;
22. LLC or Corporate minutes, books and records;
23. Insurance policies;
24. Titles to any and all vehicles, boats, aircrafts and/or equipment;
25. Wills;
26. Trusts where the Debtors are beneficiaries or grantors;
27. Retirement account statements;
28. Investment accounts statements;
29. Securities certificates;
30. Stock options;
31. Commodity account statements;
32. Broker margin account statements;
33. Written itemization of all cash and crypto currency held by or on behalf of the Debtors;
34. Safe deposit box records and the contents of safe deposit boxes;
35. Credit card statements and applications;
36. Loan applications;

37. Mortgages, mortgage statements and applications;
38. Loan and line of credit documents and written statements;
39. A statement of net worth;
40. Divorce proceeding records;
41. Contingent interests (*e.g.*, stock options, interests subject to life estates, prospective inheritances);
42. Tax shelter investment records;
43. Debt collection records;
44. Judgments;
45. Pleadings in all lawsuits where the Debtor is a party;
46. Arbitration papers and awards where the Debtor is a party;
47. Documents showing ownership of patents;
48. Documents showing ownership of trademarks;
49. Documents showing ownership of copyrights;
50. Documents showing ownership of intellectual property;
51. Any evidence of gifts to others;
52. All cryptocurrency records/statements;
53. Software and hardware wallets;
54. Warm and cold storage units;
55. Information and statements for all cryptocurrency exchange, brokerage and investments accounts;
56. All mobile devices including phone and/or tablets;
57. All cryptocurrency information contained on servers, computers and laptops;
58. All cloud and edge computing accounting data related to cryptocurrency;
59. All cryptocurrency account information such as Kraken, Coinbase, Gemini, et al;
60. All Keystone files and crypto wallet passphrases; and
61. Any other information, documents or electronic data showing ownership or control of any cryptocurrency.

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| ALEX HOLMES, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) |
| CHET MINING CO, LLC, CHET MINING CO | ) |
| CANADA LTD and CHET STOJANOVICH | ) |
| *Defendant* | ) |

Civil Action No. |:20-CV-0448-UA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Paul John Stojanovich
450 N. End Avenue, Apt. 18F, New York NY 10282
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: https://us04web.zoom.us/j/72278172346?<br>pwd=aTVYTCt6Yk1aeEl4N0xneTFhMFFpQT09<br>Meeting ID: 722 7817 2346 Passcode: BfUAe1 | Date and Time: Adjourned to<br><br>09/16/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:    Stenographer and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto. Kindly provide all documents requested, via e-mail to jharwick@joneshacker.com or by U.S. mail to 200 Harborside Drive, Suite 300, Schenectady, NY 12305.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/21/2021

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   John F. Harwick,
Representing all Plaintiffs                                  , who issues or requests this subpoena, are:

John F. Harwick, Esq., E. Stewart Jones Hacker Murphy LLP, 200 Harborside Drive, Suite 300, Schenectady NY 12305, (518) 213-0113  jharwick@joneshacker.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————

ALEX HOLMES, JOSH NAVARRO, NICO
TRAMONTANA, BITCOIN VENTURES 2020, LLC,
YASAR CORPORATION and ONEPURPOSE LTD.,
                        Plaintiffs,

              against-

CHET MINING CO, LLC, CHET MINING CO
CANANDA LTD., and CHET STOJANOVICH,

                 Defendants.

———————————————————

**RESTRAINING NOTICE**

Civil Case No.: 1:20-CV-04448

**WHEREAS,** no previous restraining notice has been served upon you pursuant to CPLR Article 52.

**WHEREAS,** it appears that you owe a debt to the plaintiff/judgment creditor or are in possession or in custody of property in which the judgment debtors have an interest.

**PLEASE TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**PLEASE TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

### CIVIL PRACTICE LAW AND RULES SECTION 5222(b)

Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an

interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damage sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**PLEASE TAKE FURTHER NOTICE** disobedience of this Restraining Notice is punishable as a contempt of Court.

**E. STEWART JONES HACKER MURPHY LLP**

By:  _____s/ John F. Harwick_____
John F. Harwick, Esq.
*Attorney for Plaintiffs/Judgement Creditors*
200 Harborside Drive, Suite 300
Schenectady, New York 12305
Tel. No.: (518) 213-0113
jharwick@joneshacker.com

### Exhibit A

Produce the following items relating to Chet Mining Co., LLC, Chet Mining Co Canada

LTD and Chester Stojanovich (collectively the "Debtors") for the past six (6) years:

1. All documents showing loans to others;
2. General ledger and checkbooks;
3. Federal and State Income Tax Returns, including all schedules and amendments;
4. Bank account statements (*e.g.*, cash accounts, checking accounts, savings accounts);
5. Certificates of deposit;
6. Balance sheets;
7. A list of assets and/or inventory owned or leased ;
8. Any documents showing monies owed to the Debtors;
9. A list of all accounts receivable, with the debtor's addresses;
10. Documents showing any transactions with insiders (*e.g.* employees, shareholders, members, owners, officers or directors of the Debtors);
11. Financial statements;
12. Deeds to any and all real property owned or controlled;
13. Documents showing ownership, leasing or control of any real property, equipment, boat, aircraft or vehicles;
14. Appraisals of any real or personal property owned;
15. Loan and/or line of credit applications;
16. All audited or unaudited financial statements and disclosures;
17. Audit reports;
18. UCC filings and financing statutes;
19. Payroll account records;
20. Shareholder agreements;
21. Operating agreements of any LLC owned or operated by Debtors;
22. LLC or Corporate minutes, books and records;
23. Insurance policies;
24. Titles to any and all vehicles, boats, aircrafts and/or equipment;
25. Wills;
26. Trusts where the Debtors are beneficiaries or grantors;
27. Retirement account statements;
28. Investment accounts statements;
29. Securities certificates;
30. Stock options;
31. Commodity account statements;
32. Broker margin account statements;
33. Written itemization of all cash and crypto currency held by or on behalf of the Debtors;
34. Safe deposit box records and the contents of safe deposit boxes;
35. Credit card statements and applications;
36. Loan applications;

37. Mortgages, mortgage statements and applications;
38. Loan and line of credit documents and written statements;
39. A statement of net worth;
40. Divorce proceeding records;
41. Contingent interests (*e.g.*, stock options, interests subject to life estates, prospective inheritances);
42. Tax shelter investment records;
43. Debt collection records;
44. Judgments;
45. Pleadings in all lawsuits where the Debtor is a party;
46. Arbitration papers and awards where the Debtor is a party;
47. Documents showing ownership of patents;
48. Documents showing ownership of trademarks;
49. Documents showing ownership of copyrights;
50. Documents showing ownership of intellectual property;
51. Any evidence of gifts to others;
52. All cryptocurrency records/statements;
53. Software and hardware wallets;
54. Warm and cold storage units;
55. Information and statements for all cryptocurrency exchange, brokerage and investments accounts;
56. All mobile devices including phone and/or tablets;
57. All cryptocurrency information contained on servers, computers and laptops;
58. All cloud and edge computing accounting data related to cryptocurrency;
59. All cryptocurrency account information such as Kraken, Coinbase, Gemini, et al;
60. All Keystone files and crypto wallet passphrases; and
61. Any other information, documents or electronic data showing ownership or control of any cryptocurrency.

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

|  |  |
|---|---|
| ALEX HOLMES, ET AL.<br>*Plaintiff*<br>v.<br>CHET MINING CO, LLC, CHET MINING CO<br>CANADA LTD and CHET STOJANOVICH<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. | :20-CV-0448-UA

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:       Luca Schnetzler
6721 W Hepburn Way, Los Angeles, CA 90038-3449 or 39 25th Ave Apt. D, Venice, CA 90291-4342
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: https://us04web.zoom.us/j/72278172346?<br>pwd=aTVYTCt6Yk1aeEl4N0xneTFhMFFpQT09<br>Meeting ID: 722 7817 2346 Passcode: BfUAe1 | Date and Time:  Adjourned to<br><br>09/16/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographer and video

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto. Kindly provide all documents requested, via e-mail to jharwick@joneshacker.com or by U.S. mail to 200 Harborside Drive, Suite 300, Schenectady NY 12305.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    07/21/2021

|  |  |  |
|---|---|---|
| *CLERK OF COURT* |  |  |
|  | OR |  |
| _____<br>*Signature of Clerk or Deputy Clerk* |  | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    John F. Harwick,
Representing all Plaintiffs                                                                , who issues or requests this subpoena, are:

John F. Harwick, Esq., E. Stewart Jones Hacker Murphy LLP, 200 Harborside Drive, Suite 300, Schenectady NY 12305,
(518) 213-0113  jharwick@joneshacker.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX HOLMES, JOSH NAVARRO, NICO
TRAMONTANA, BITCOIN VENTURES 2020, LLC,
YASAR CORPORATION and ONEPURPOSE LTD.,
                                    Plaintiffs,          **RESTRAINING NOTICE**

          against-                                        Civil Case No.: 1:20-CV-04448

CHET MINING CO, LLC, CHET MINING CO
CANANDA LTD., and CHET STOJANOVICH,

                              Defendants.

      **WHEREAS**, no previous restraining notice has been served upon you pursuant to CPLR Article 52.

      **WHEREAS**, it appears that you owe a debt to the plaintiff/judgment creditor or are in possession or in custody of property in which the judgment debtors have an interest.

      **PLEASE TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

      **PLEASE TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

### CIVIL PRACTICE LAW AND RULES SECTION 5222(b)

Effect of restraint; prohibition of transfer; duration.  A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated.  A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an

interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damage sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**PLEASE TAKE FURTHER NOTICE** disobedience of this Restraining Notice is punishable as a contempt of Court.

**E. STEWART JONES HACKER MURPHY LLP**

By:      \_\_\_\_\_s/ John F. Harwick_____
            John F. Harwick, Esq.
            *Attorney for Plaintiffs/Judgement Creditors*
            200 Harborside Drive, Suite 300
            Schenectady, New York 12305
            Tel. No.: (518) 213-0113
            jharwick@joneshacker.com

## Exhibit A

Produce the following items relating to Chet Mining Co., LLC, Chet Mining Co Canada

LTD and Chester Stojanovich (collectively the "Debtors") for the past six (6) years:

1. All documents showing loans to others;
2. General ledger and checkbooks;
3. Federal and State Income Tax Returns, including all schedules and amendments;
4. Bank account statements (*e.g.*, cash accounts, checking accounts, savings accounts);
5. Certificates of deposit;
6. Balance sheets;
7. A list of assets and/or inventory owned or leased ;
8. Any documents showing monies owed to the Debtors;
9. A list of all accounts receivable, with the debtor's addresses;
10. Documents showing any transactions with insiders (*e.g.* employees, shareholders, members, owners, officers or directors of the Debtors);
11. Financial statements;
12. Deeds to any and all real property owned or controlled;
13. Documents showing ownership, leasing or control of any real property, equipment, boat, aircraft or vehicles;
14. Appraisals of any real or personal property owned;
15. Loan and/or line of credit applications;
16. All audited or unaudited financial statements and disclosures;
17. Audit reports;
18. UCC filings and financing statutes;
19. Payroll account records;
20. Shareholder agreements;
21. Operating agreements of any LLC owned or operated by Debtors;
22. LLC or Corporate minutes, books and records;
23. Insurance policies;
24. Titles to any and all vehicles, boats, aircrafts and/or equipment;
25. Wills;
26. Trusts where the Debtors are beneficiaries or grantors;
27. Retirement account statements;
28. Investment accounts statements;
29. Securities certificates;
30. Stock options;
31. Commodity account statements;
32. Broker margin account statements;
33. Written itemization of all cash and crypto currency held by or on behalf of the Debtors;
34. Safe deposit box records and the contents of safe deposit boxes;
35. Credit card statements and applications;
36. Loan applications;

37. Mortgages, mortgage statements and applications;
38. Loan and line of credit documents and written statements;
39. A statement of net worth;
40. Divorce proceeding records;
41. Contingent interests (*e.g.*, stock options, interests subject to life estates, prospective inheritances);
42. Tax shelter investment records;
43. Debt collection records;
44. Judgments;
45. Pleadings in all lawsuits where the Debtor is a party;
46. Arbitration papers and awards where the Debtor is a party;
47. Documents showing ownership of patents;
48. Documents showing ownership of trademarks;
49. Documents showing ownership of copyrights;
50. Documents showing ownership of intellectual property;
51. Any evidence of gifts to others;
52. All cryptocurrency records/statements;
53. Software and hardware wallets;
54. Warm and cold storage units;
55. Information and statements for all cryptocurrency exchange, brokerage and investments accounts;
56. All mobile devices including phone and/or tablets;
57. All cryptocurrency information contained on servers, computers and laptops;
58. All cloud and edge computing accounting data related to cryptocurrency;
59. All cryptocurrency account information such as Kraken, Coinbase, Gemini, et al;
60. All Keystone files and crypto wallet passphrases; and
61. Any other information, documents or electronic data showing ownership or control of any cryptocurrency.

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
## for the

### Southern District of New York

| | | |
|---|---|---|
| ALEX HOLMES, ET AL. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  `¯`:20-CV-0448-UA |
| CHET MINING CO, LLC, CHET MINING CO CANADA LTD and CHET STOJANOVICH | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Paul John Stojanovich
                    6345 Balboa Boulevard, Suite 375, Encino CA 91316
                    *(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  https://us04web.zoom.us/j/722781723467 pwd=aTVYTCt6Yk1aeEl4N0xneTFhMFFpQT09 Meeting ID: 722 7817 2346 Passcode: BfUAe1 | Date and Time:  Adjourned to 09/16/2021 10:00 am |
|---|---|

    The deposition will be recorded by this method:  ___Stenographer and video___

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto. Kindly provide all documents requested, via e-mail to jharwick@joneshacker.com or by U.S. mail to 200 Harborside Drive, Suite 300, Schenectady, NY 12305.

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___07/21/2021___

                    *CLERK OF COURT*
                                                    OR

    _____          _____
       *Signature of Clerk or Deputy Clerk*                   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     John F. Harwick,
Representing all Plaintiffs                                              , who issues or requests this subpoena, are:

John F. Harwick, Esq., E. Stewart Jones Hacker Murphy LLP, 200 Harborside Drive, Suite 300, Schenectady NY 12305, (518) 213-0113 jharwick@joneshacker.com

                    **Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEX HOLMES, JOSH NAVARRO, NICO
TRAMONTANA, BITCOIN VENTURES 2020, LLC,
YASAR CORPORATION and ONEPURPOSE LTD.,
                                        Plaintiffs,

              -against-

CHET MINING CO, LLC, CHET MINING CO
CANANDA LTD., and CHET STOJANOVICH,

                        Defendants.

---

**RESTRAINING NOTICE**

Civil Case No.: 1:20-CV-04448

**WHEREAS,** no previous restraining notice has been served upon you pursuant to CPLR Article 52.

**WHEREAS,** it appears that you owe a debt to the plaintiff/judgment creditor or are in possession or in custody of property in which the judgment debtors have an interest.

**PLEASE TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**PLEASE TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

### CIVIL PRACTICE LAW AND RULES SECTION 5222(b)

Effect of restraint; prohibition of transfer; duration.  A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated.  A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served.  All property in which the judgment debtor is known or believed to have an

interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damage sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**PLEASE TAKE FURTHER NOTICE** disobedience of this Restraining Notice is punishable as a contempt of Court.

E. STEWART JONES HACKER MURPHY LLP

By:    _____s/ John F. Harwick_____
       John F. Harwick, Esq.
       *Attorney for Plaintiffs/Judgement Creditors*
       200 Harborside Drive, Suite 300
       Schenectady, New York 12305
       Tel. No.: (518) 213-0113
       jharwick@joneshacker.com

## Exhibit A

Produce the following items relating to Chet Mining Co., LLC, Chet Mining Co Canada

LTD and Chester Stojanovich (collectively the "Debtors") for the past six (6) years:

1. All documents showing loans to others;
2. General ledger and checkbooks;
3. Federal and State Income Tax Returns, including all schedules and amendments;
4. Bank account statements (*e.g.*, cash accounts, checking accounts, savings accounts);
5. Certificates of deposit;
6. Balance sheets;
7. A list of assets and/or inventory owned or leased ;
8. Any documents showing monies owed to the Debtors;
9. A list of all accounts receivable, with the debtor's addresses;
10. Documents showing any transactions with insiders (*e.g.* employees, shareholders, members, owners, officers or directors of the Debtors);
11. Financial statements;
12. Deeds to any and all real property owned or controlled;
13. Documents showing ownership, leasing or control of any real property, equipment, boat, aircraft or vehicles;
14. Appraisals of any real or personal property owned;
15. Loan and/or line of credit applications;
16. All audited or unaudited financial statements and disclosures;
17. Audit reports;
18. UCC filings and financing statutes;
19. Payroll account records;
20. Shareholder agreements;
21. Operating agreements of any LLC owned or operated by Debtors;
22. LLC or Corporate minutes, books and records;
23. Insurance policies;
24. Titles to any and all vehicles, boats, aircrafts and/or equipment;
25. Wills;
26. Trusts where the Debtors are beneficiaries or grantors;
27. Retirement account statements;
28. Investment accounts statements;
29. Securities certificates;
30. Stock options;
31. Commodity account statements;
32. Broker margin account statements;
33. Written itemization of all cash and crypto currency held by or on behalf of the Debtors;
34. Safe deposit box records and the contents of safe deposit boxes;
35. Credit card statements and applications;
36. Loan applications;

37.   Mortgages, mortgage statements and applications;
38.   Loan and line of credit documents and written statements;
39.   A statement of net worth;
40.   Divorce proceeding records;
41.   Contingent interests (*e.g.*, stock options, interests subject to life estates, prospective inheritances);
42.   Tax shelter investment records;
43.   Debt collection records;
44.   Judgments;
45.   Pleadings in all lawsuits where the Debtor is a party;
46.   Arbitration papers and awards where the Debtor is a party;
47.   Documents showing ownership of patents;
48.   Documents showing ownership of trademarks;
49.   Documents showing ownership of copyrights;
50.   Documents showing ownership of intellectual property;
51.   Any evidence of gifts to others;
52.   All cryptocurrency records/statements;
53.   Software and hardware wallets;
54.   Warm and cold storage units;
55.   Information and statements for all cryptocurrency exchange, brokerage and investments accounts;
56.   All mobile devices including phone and/or tablets;
57.   All cryptocurrency information contained on servers, computers and laptops;
58.   All cloud and edge computing accounting data related to cryptocurrency;
59.   All cryptocurrency account information such as Kraken, Coinbase, Gemini, et al;
60.   All Keystone files and crypto wallet passphrases; and
61.   Any other information, documents or electronic data showing ownership or control of any cryptocurrency.

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| ALEX HOLMES, ET AL. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 」:20-CV-0448-UA |
| CHET MINING CO, LLC, CHET MINING CO | ) |
| CANADA LTD and CHET STOJANOVICH | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:           Sue Elizabeth Nelson
              1606 Esplanade, Redondo Beach, CA 90277-5251
              *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: https://us04web.zoom.us/j/72278172346?<br>pwd=aTVYTCt6Yk1aeEl4N0xneTFhMFFpQT09<br>Meeting ID: 722 7817 2346 Passcode: BfUAe1 | Date and Time: Adjourned to<br><br>09/16/2021 10:00 am |
|---|---|

The deposition will be recorded by this method:  ___Stenographer and video___

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit "A" attached hereto. Kindly provide all documents requested, via e-mail to jharwick@joneshacker.com or by U.S. mail to 200 Harborside Drive, Suite 300, Schenectady NY 12305.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  ___07/21/2021___

           *CLERK OF COURT*
                                        OR

           _____                    _____
           *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*  John F. Harwick,
___Representing all Plaintiffs___                           , who issues or requests this subpoena, are:

John F. Harwick, Esq., E. Stewart Jones Hacker Murphy LLP, 200 Harborside Drive, Suite 300, Schenectady NY 12305, (518) 213-0113  jharwick@joneshacker.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALEX HOLMES, JOSH NAVARRO, NICO
TRAMONTANA, BITCOIN VENTURES 2020, LLC,
YASAR CORPORATION and ONEPURPOSE LTD.,
                    Plaintiffs,

         against-

CHET MINING CO, LLC, CHET MINING CO
CANANDA LTD., and CHET STOJANOVICH,

                  Defendants.

**RESTRAINING NOTICE**

Civil Case No.: 1:20-CV-04448

---

**WHEREAS,** no previous restraining notice has been served upon you pursuant to CPLR Article 52.

**WHEREAS,** it appears that you owe a debt to the plaintiff/judgment creditor or are in possession or in custody of property in which the judgment debtors have an interest.

**PLEASE TAKE NOTICE** that pursuant to subdivision (b) of Section 5222 of the Civil Practice Law and Rules, which is set forth in full herein, you are hereby forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property or pay over or otherwise dispose of any such debt except as therein provided.

**PLEASE TAKE FURTHER NOTICE** that this notice also covers all property in which the judgment debtors have an interest hereafter coming into your possession or custody, and all debts hereafter coming due from you to the judgment debtors.

### CIVIL PRACTICE LAW AND RULES SECTION 5222(b)

Effect of restraint; prohibition of transfer; duration. A judgment debtor served with a restraining notice is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he has an interest, except upon direction of the sheriff or pursuant to an order of the court, until the judgment is satisfied or vacated. A restraining notice served upon a person other than the judgment debtor is effective only if, at the time of service, he owes a debt to the judgment debtor or he is in the possession or custody of property in which he knows or has reason to believe the judgment debtor has an interest, or if the judgment creditor has stated in the notice that a specified debt is owed by the person served to the judgment debtor or that the judgment debtor has an interest in specified property in the possession or custody of the person served. All property in which the judgment debtor is known or believed to have an

interest then in and thereafter coming into the possession or custody of such a person, including any specified in the notice, and all debts of such a person, including any specified in the notice, then due and thereafter coming due to the judgment debtor, shall be subject to the notice. Such a person is forbidden to make or suffer any sale, assignment or transfer of, or any interference with, any such property, or pay over or otherwise dispose of any such debt, to any person other than the sheriff, except upon direction of the sheriff or pursuant to an order of the court, until the expiration of one year after the notice is served upon him, or until the judgment is satisfied or vacated, whichever event first occurs. A judgment creditor who has specified personal property or debt in a restraining notice shall be liable to the owner of the property or the person to whom the debt is owed, if other than the judgment debtor, for any damage sustained by reason of the restraint. If a garnishee served with a restraining notice withholds the payment of money belonging or owed to the judgment debtor in an amount equal to twice the amount due on the judgment, the restraining notice is not effective as to other property or money.

**PLEASE TAKE FURTHER NOTICE** disobedience of this Restraining Notice is punishable as a contempt of Court.

<b>E. STEWART JONES HACKER MURPHY LLP</b>

By:    \_\_\_\_\_s/ John F. Harwick_____
John F. Harwick, Esq.
*Attorney for Plaintiffs/Judgement Creditors*
200 Harborside Drive, Suite 300
Schenectady, New York 12305
Tel. No.: (518) 213-0113
jharwick@joneshacker.com

## Exhibit A

Produce the following items relating to Chet Mining Co., LLC, Chet Mining Co Canada

LTD and Chester Stojanovich (collectively the "Debtors") for the past six (6) years:

1. All documents showing loans to others;
2. General ledger and checkbooks;
3. Federal and State Income Tax Returns, including all schedules and amendments;
4. Bank account statements (*e.g.*, cash accounts, checking accounts, savings accounts);
5. Certificates of deposit;
6. Balance sheets;
7. A list of assets and/or inventory owned or leased ;
8. Any documents showing monies owed to the Debtors;
9. A list of all accounts receivable, with the debtor's addresses;
10. Documents showing any transactions with insiders (*e.g.* employees, shareholders, members, owners, officers or directors of the Debtors);
11. Financial statements;
12. Deeds to any and all real property owned or controlled;
13. Documents showing ownership, leasing or control of any real property, equipment, boat, aircraft or vehicles;
14. Appraisals of any real or personal property owned;
15. Loan and/or line of credit applications;
16. All audited or unaudited financial statements and disclosures;
17. Audit reports;
18. UCC filings and financing statutes;
19. Payroll account records;
20. Shareholder agreements;
21. Operating agreements of any LLC owned or operated by Debtors;
22. LLC or Corporate minutes, books and records;
23. Insurance policies;
24. Titles to any and all vehicles, boats, aircrafts and/or equipment;
25. Wills;
26. Trusts where the Debtors are beneficiaries or grantors;
27. Retirement account statements;
28. Investment accounts statements;
29. Securities certificates;
30. Stock options;
31. Commodity account statements;
32. Broker margin account statements;
33. Written itemization of all cash and crypto currency held by or on behalf of the Debtors;
34. Safe deposit box records and the contents of safe deposit boxes;
35. Credit card statements and applications;
36. Loan applications;

37.  Mortgages, mortgage statements and applications;
38.  Loan and line of credit documents and written statements;
39.  A statement of net worth;
40.  Divorce proceeding records;
41.  Contingent interests (*e.g.*, stock options, interests subject to life estates, prospective inheritances);
42.  Tax shelter investment records;
43.  Debt collection records;
44.  Judgments;
45.  Pleadings in all lawsuits where the Debtor is a party;
46.  Arbitration papers and awards where the Debtor is a party;
47.  Documents showing ownership of patents;
48.  Documents showing ownership of trademarks;
49.  Documents showing ownership of copyrights;
50.  Documents showing ownership of intellectual property;
51.  Any evidence of gifts to others;
52.  All cryptocurrency records/statements;
53.  Software and hardware wallets;
54.  Warm and cold storage units;
55.  Information and statements for all cryptocurrency exchange, brokerage and investments accounts;
56.  All mobile devices including phone and/or tablets;
57.  All cryptocurrency information contained on servers, computers and laptops;
58.  All cloud and edge computing accounting data related to cryptocurrency;
59.  All cryptocurrency account information such as Kraken, Coinbase, Gemini, et al;
60.  All Keystone files and crypto wallet passphrases; and
61.  Any other information, documents or electronic data showing ownership or control of any cryptocurrency.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT

---

ALEX HOLMES, et al.,

                                    Plaintiffs,          **AFFIDAVIT OF SERVICE**
            -*against*-                                  Case No.: 7:20-cv-0448-UA

CHET MINING CO., LLC, et al.

                                    Defendants.

---

STATE OF NEW YORK            )
                             )ss:
COUNTY OF SCHENECTADY        )

Deanna M. Dudley, being duly sworn, deposes and says that she is over the age of 18
years and is not a party to this action; on the 10th day of August 2021, she served the
within **LETTER ENCLOSING SUBPOENAS AND NEW DATE FOR
DEPOSITION** upon the following:

TO:    **CHET STOJANOVICH**
       **105 Duane Street, Apt. 20F**
       **New York, NY 10007**
       chet@chetminingco.com

by depositing a true and correct copy of the same via e-mail and properly enclosed in a
post-paid wrapper in the Post Office maintained and exclusively controlled by the United
States at Schenectady, New York directed to said individual and/or attorney(s),
respectively, at said address(es), mentioned above, that being the address(es) within the
state designated for that purpose upon the last papers served in this action or the place
where the above then resided or kept offices, according to the best information which can
be conveniently obtained.

                                              Deanna M. Dudley

Sworn to before me this
10th day of August 2021.

Notary Public - State of New York

CATHY L. DROBNY
Notary Public, State of New York
No. 01DR......077
Qualified in Schenectady County
Commission Expires 10/23/21