UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT_____
 ALEX HOLMES, JOSH NAVARRO, NICO
TRAMONTANA, BITCOIN VENTURES 2020,
LLC, YASAR CORPORATION and                    Case No.:  1:20-cv-04448-UA
ONEPURPOSE LTD.,
                            Plaintiffs,
       -*against*-

CHET MINING CO., LLC, CHET MINING CO
CANADA LTD., and CHET STOJANOVICH,
                            Defendants.
_____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO HOLD THE DEFENDANT CHET STOJANOVICH  IN CONTEMPT**

John F. Harwick, Esq.
SDNY Bar Roll No.:  JH5253
*Attorney for Plaintiffs*
200 Harborside Drive, Suite 300
Schenectady, New York  12305
Tel. No.:  (518) 213-0113
jharwick@joneshacker.com

## FACTS

Per the accompanying affirmation of John F. Harwick, Esq., the defendant / judgment debtor Chet Stojanovich failed to substantially comply with the plaintiff's subpoena to aid in the enforcement of their money judgment herein.

## ARGUMENT

Per FRCP 45 a Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). Rule 45 grants the Court the power to hold a party who fails to comply with a subpoena in contempt. PaineWebber Inc. v. Acstar Ins. Co., 211 F.R.D. 247, 249 (S.D.N.Y.2002); (Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1364 (2d Cir.1991).

In PaineWebber, the court considered the subpoenaed witnesses' unfounded excuses for noncompliance and the fact that they had raised no objections to the subpoenas in finding them in contempt. Id.

"The power to punish for contempt is inherent in all Courts. " Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). The underlying concern is " 'disobedience to the orders of the [j]udiciary,' " not " 'merely the disruption of court proceedings.' " Chambers v. NASCO, Inc., 501 U.S. at 44, 111 S.Ct. 2123, quoting Young v. United States, 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987). Thus, an individual who fails to obey a valid subpoena may be subject to both civil and criminal penalties for their failure to comply. See, United States v. Petito, 671 F.2d 68, 72 (2d Cir.), citing, Yates v. United States, 355 U.S. 66, 74, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957)), cert. denied, 459 U.S. 824, 103 S.Ct. 56, 74 L.Ed.2d 60 (1982). The primary difference between orders of civil and criminal contempt is their purpose. Criminal contempt is used to punish the contemnor or vindicate the Court's authority; civil contempt seeks to coerce the

contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct. See Hess v. New Jersey Transit Rail Operations, Inc., 846 F.2d 114, 115 (2d Cir.1988); In re Grand Jury Witness, 835 F.2d 437, 440-41 (2d Cir.1987), cert. denied, 485 U.S. 1039, 108 S.Ct. 1602, 99 L.Ed.2d 917 (1988).

An order of civil contempt may issue pursuant to Title 18, United States Code, Section 401, which authorizes a Federal Court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "[m]isbehavior of any person in [the court's] presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (2002). The Court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the Court or to compensate for losses or damages.' " Powell v. Ward, 643 F.2d 924, 931 (2d Cir.), quoting, McComb v. Jacksonville Paper Co., 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949)). cert. denied, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981).

There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is "clear and unambiguous," Powell v. Ward, 643 F.2d at 931 citing, International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 75-76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967)); 2) the proof of non-compliance with that order must be " 'clear and convincing,' " Id., quoting NLRB v. Local 282, 428 F.2d 994, 1001-02 (2d Cir.1970)); and 3) it must be shown that the contemnor has not " 'been reasonably diligent and energetic in attempting to accomplish what was ordered.' " Id. ,quoting, Aspira of New York, Inc. v. Bd. of Educ., 423 F.Supp. 647, 654 (S.D.N.Y.1976)).

In sum, it is well settled that a subpoena has the effect of a court order and the failure to comply with the same is punishable as a contempt of court. See, Hunter TBA, Inc. v. Triple V Sales, 250 F.R.D. 116 (2008) (Hon. Leo Glasser holding a judgment debtor in contempt of Court for failing to comply with a subpoena served in aid of collecting money judgment).

In the case at bar, the judgment debtor failed to appear at several depositions and when he finally appeared, he failed to produce the majority of subpoenaed materials and was evasive with his answers under oath. Furthermore, Mr. Stohjanovich did not object to the subpoena or provided an excuse for his noncompliance. He failure to comply is punishable as a contempt of Court.

## **CONCLUSION**

For the forgoing reasons, the Court should hold Chet Stojanovich in contempt and award the movants damages including reasonable attorney's fees.  The Court should further order that Chet Stojanovich fully comply with the movants' subpoena and supply all information requested and answer all questions posed at a further deposition fully and truthfully or else be subject to the penalty of criminal contempt.

Dated: January 12, 2022          E. STEWART JONES HACKER MURPHY LLP

By: _____
John F. Harwick, Esq.
SDNY Bar Roll No.:  JH5253
*Attorney for Plaintiffs*
200 Harborside Drive, Suite 300
Schenectady, New York  12305
Tel. No.:  (518) 213-0113
jharwick@joneshacker.com