EXHIBIT "D"

M3PMHOLC                                                              1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

ALEX HOLMES, et al.,

              Plaintiffs,

       v.                                20 CV 4448 (LJL)

CHET STOJANOVICH,

              Defendant.                 Conference
                                         (via Telephone)
------------------------------x
                                         New York, N.Y.
                                         March 25, 2022
                                         4:30 p.m.
Before:

                  HON. LEWIS J. LIMAN,

                                         District Judge


                       APPEARANCES

E. STEWART JONES HACKER MURPHY LLP
       Attorneys for Plaintiffs
BY:  JOHN F. HARWICK

CHET STOJANOVICH, Defendant Pro Se

1          (Case called)
2          THE COURT:  Who do I have on for the plaintiff?
3          MR. HARWICK:  Your Honor, this is John Harwick of E.
4   Stewart Jones Hacker Murphy LLP for the plaintiff, Alex Holmes,
5   et al.
6          THE COURT:  Good afternoon, Mr. Harwick.
7          Do I have Mr. Stojanovich on?
8          MR. STOJANOVICH:  Indeed you do, your Honor.
9          THE COURT:  Good afternoon, Mr. Stojanovich.
10         MR. STOJANOVICH:  Good afternoon to you.
11         THE COURT:  This matter is on for the adjourned
12  contempt hearing.  At the conference in February I set a number
13  of deadlines.
14         Let me hear from Mr. Harwick where we stand with
15  respect to that, and then I'll address any issues.
16         MR. HARWICK:  Thank you, your Honor.  May it please
17  the Court, this is John Harwick.
18         We did attempt to hold Mr. Stojanovich's continued
19  deposition in person in New York City at the place designated
20  at Diamond Court Reporting in midtown Manhattan on March 4,
21  2022, commencing at 11:35 a.m.  Mr. Stojanovich did show up in
22  person.  He did not, however, bring with him the documentation
23  that was called for by the subpoena or demanded at his prior
24  depositions.
25         I did commence his deposition and was able to ask him

1      some questions.  We feel that he was not forthright or truthful

2      with regard to a lot of the answers.

3              We took a break shortly after lunch that day.  I am

4      trying to find the time.  We were to begin again -- we had

5      taken a break from 12:30 to allow Mr. Stojanovich to go to his

6      rental car to get a copy of the rental agreement and a copy of

7      his wallet which contained credit cards and other financial

8      information that we are seeking and also his phone.

9              Mr. Stojanovich left the deposition at approximately

10     12:30, with the understanding that we are to commence again at

11     1:00 again.  He never returned to the deposition at 1:00.  We

12     waited until 1:31 p.m. to continue the deposition.

13             At that time I adjourned the deposition because it was

14     my belief he was not coming back.  He had indicated that his

15     car was right downstairs, and he was going to run down and get

16     these items for inspection.  We waited for him for over an hour

17     to do that.  Even though I called him on his cell phone to try

18     to contact him to find out where he was, he would not answer.

19             And, therefore, your Honor, we would like to submit

20     all of these facts in a supplemental affidavit in support of

21     the contempt motion.  At this point we do think it would be

22     appropriate to have the Court -- after consideration of the

23     supplemental affidavit setting forth these facts, to have the

24     Court consider issuing a warrant for Mr. Stojanovich's arrest

25     by the United States Marshal to bring him into court and to

1   have the Court order that he provide myself and my clients with

2   the data, the documents, and the information that we are

3   seeking as part of the New York State CPLR Article 52 subpoena

4   to aid in the enforcement of the collection of my client's

5   judgment, which is in excess of a million dollars.

6              THE COURT:  Mr. Harwick, let me ask you just a couple

7   more questions.  Before I issue a warrant for Mr. Stojanovich's

8   arrest, don't I need to formally enter a finding of contempt

9   and would it be a finding of criminal contempt or civil

10  contempt?

11             MR. HARWICK:  We made a motion for both.  I think it

12  would be -- I think the appropriate procedure would be a

13  finding of civil contempt and if we gave Mr. Stojanovich one

14  last chance to purge himself of that contempt, then an arrest

15  warrant probably should not issue.  But if he does not produce

16  the documentation that we are seeking and does not show up at

17  the deposition and truthfully and fully answer questions at a

18  continued deposition, then I think it would be appropriate to

19  find him in criminal contempt because he is disobeying a court

20  order.

21             Not only has he disobeyed my subpoena, which has the

22  effect of a court order, but he has disobeyed your Honor's

23  directives to him on February 14, when we had the last

24  conference or hearing on this motion, that he was to provide me

25  with the documentation that I was seeking pursuant to the terms

1   of the subpoena and that he was to fully and accurately answer
2   the questions posed to him at the deposition.  He did neither.
3   He showed up at the deposition with nothing and then he left.
4           I think that would be the appropriate procedure in
5   this case.  I think a finding of criminal contempt would be
6   warranted in order to force this judgment debtor and defendant
7   to comply with not only the Court's directive, but my subpoena.
8           THE COURT:  Mr. Harwick, another follow-up question.
9   Wouldn't the appropriate procedure be for me now to have you
10  put in the evidence that Mr. Stojanovich violated my orders of
11  February 14 as well as the subpoenas?  You described them as
12  directives.  But they were orders.  There should be no
13  mistaking that there was an order to produce documents by March
14  1.
15          Once you submit that evidence, isn't the right
16  procedure then for me to hold a hearing where Mr. Stojanovich
17  has an opportunity to respond to whatever evidence you put in,
18  tell me you're wrong, for me to hold that actually in open
19  court.  Mr. Stojanovich can then respond.  I can set a date for
20  him beforehand.
21          If he fails to appear at that hearing, I can issue an
22  arrest warrant either based upon his failure to appear or based
23  upon a finding of contempt that I would make because it would
24  be uncontested.
25          MR. HARWICK:  Yes, your Honor.  I agree that that's

```
 1   the appropriate procedure, and I'm willing to --
 2           MR. STOJANOVICH:  I was disconnected from the line --
 3   I apologize, your Honor -- for the last 25 seconds.
 4           THE COURT:  Is this Mr. Stojanovich?
 5           MR. STOJANOVICH:  Yes, your Honor.
 6           THE COURT:  Mr. Stojanovich, I will give you my order
 7   in a moment, but I am going to hear from you.
 8           Mr. Harwick, please continue.
 9           MR. HARWICK:  Your Honor, I agree with the procedure
10   you set forth and think that would be the appropriate
11   procedure, to pursue a final order of contempt in this case.
12           THE COURT:  Mr. Harwick, how quickly can you put in
13   your papers?
14           MR. HARWICK:  I would like until Wednesday of next
15   week, if that's acceptable.
16           THE COURT:  That will be acceptable.
17           MR. HARWICK:  Before I dig myself in a hole, can I
18   check my calendar here?
19           THE COURT:  If you want until April 1, that's not a
20   problem.
21           MR. HARWICK:  That would be better, Judge.  Thank you.
22           THE COURT:  Mr. Stojanovich, what I am prepared to do
23   is set a hearing for the week of April 11 in court.  My deputy
24   is going to give a date in a moment.  I am going to set a date
25   for you to submit responsive papers, if you want to submit
```

```
 1   responsive papers.  That date is going to be April 8.
 2   Mr. Harwick is going to file papers on April 1.  He will serve
 3   and then you will have until April 8 to respond.
 4            Let me hear from you.
 5            MR. STOJANOVICH:  Your Honor, there are a few things
 6   that I would like to clear the air on right off the bat.  I was
 7   an hour early for the deposition.  I didn't bring my cell phone
 8   or my wallet in because I thought it was an important session,
 9   and I didn't want any interruptions.
10            THE COURT:  Mr. Stojanovich, let me interrupt you.
11   This will be a contempt proceeding, so I'm not asking for your
12   response right now, except as to scheduling.
13            Mr. Stojanovich, do you have your phone on speaker?
14            MR. STOJANOVICH:  No.  I have 3G service for some
15   reason, and I tried to get a landline, but I can't get a solid
16   connection.
17            THE COURT:  Mr. Stojanovich, let me tell you what I'm
18   ordering.  Mr. Harwick will submit his papers on April 1.  You
19   will submit any opposition papers on April 8.
20            Matt, what date can we do the week of April 11 for an
21   in-court hearing?
22            THE DEPUTY CLERK:  We can do April 11 at 10 a.m.
23            THE COURT:  Mr. Harwick, does that work for you?
24            MR. HARWICK:  Yes, your Honor, that works for me.
25            THE COURT:  The contempt hearing is April 11, 10 a.m.,
```

Case 1:20-cv-04448-LJL   Document 73-4   Filed 04/01/22   Page 9 of 10
M3PMHOLC                                                              8

```
 1    the federal courthouse, 500 Pearl Street, courtroom 15C.
 2             Mr. Stojanovich, let me warn you that if you do not
 3    appear, I will have the authority to enter a contempt without
 4    hearing from you if I'm satisfied by Mr. Harwick's papers.  I
 5    will also warn you that if I hear from you, whatever you say,
 6    number 1, could end up purging you of contempt, but could
 7    result in you being held in civil or criminal contempt and
 8    could result in me issuing a warrant for your arrest.
 9             I will see you all on April 11 at 10 a.m. in the
10    federal courthouse.
11             Mr. Stojanovich, were you able to hear me?
12             MR. STOJANOVICH:  Yes, perfectly, and I understand
13    entirely what you are saying, and I respectfully thank you for
14    explaining that in detail, your Honor.
15             THE COURT:  If you need to speak to counsel, I noted
16    this before, there is a clinic that is available for people who
17    are pro se.  It's the NYLAG clinic and the information about
18    that clinic is on the court's website.
19             Have a good afternoon, everybody, and have a good
20    weekend.
21             MR. HARWICK:  Your Honor, before we adjourn, I would
22    just request that Mr. Stojanovich provide me with a good
23    address for mailing my papers and an e-mail address so I can
24    serve him with the papers that I'll be electronically filing
25    with the Court.  I know there may have been a recent change of
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1  address, based on some testimony that we had at the March
2  deposition, so I would request that the Court --
3           THE COURT:  Mr. Stojanovich, I'm ordering you now to
4  provide an e-mail address where you can be served, and if
5  you've got a physical address, also a physical address.
6           MR. STOJANOVICH:  Admin@phoenixdatas.com we can use.
7  That's back up and running.
8           THE COURT:  Can you please spell that for the record.
9  Please spell the e-mail address for the record.
10          MR. STOJANOVICH:  A-d-m-i-n @ p-h-o-e-n-i-x
11 d-a-t-a-s.com.  That's c-o-m.
12          THE COURT:  Is there a physical address in which you
13 can be served?
14          MR. STOJANOVICH:  I don't have a physical address that
15 I can easily because I'm still in between spaces at this point.
16 I can provide a forwarding address, if that would please the
17 Court, where I do receive mail.
18          THE COURT:  It is up to you, Mr. Stojanovich.  Will
19 you accept service by e-mail?
20          MR. STOJANOVICH:  Yes, of course, I will, your Honor.
21          THE COURT:  Mr. Harwick, does that take care of it?
22          MR. HARWICK:  Yes.  Thank you, Judge.
23          THE COURT:  Have a good weekend, everybody.  Stay safe
24 and stay healthy.
25          (Adjourned)