UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| ALEX HOLMES, JOSH NAVARRO, NICO TRAMONTANA, BITCOIN VENTURES 2020, LLC, YASAR CORPORATION and ONEPURPOSE LTD., | **PLAINTIFFS' ATTORNEY AFFIRMATION IN RESPONSE TO THE COURT'S TEXT ORDER #88** |
| Plaintiffs. | |
| -against- | Case No.: 1:20-CV-04448-LJL |
| CHET MINING CO, LLC, CHET MINING CO CANADA LTD., and CHET STOJANOVICH, | |
| Defendants. | |

_____

**BENJAMIN F. NEIDL**, an attorney admitted to practice in this Honorable Court affirms under penalty of perjury the following:

1. I am of counsel with the law firm E. Stewart Jones Hacker Murphy LLP, attorneys for the Plaintiffs in the above-captioned matter. I respectfully submit this Affirmation in response to the Court's *sua sponte* Text Order dated May 3, 2022 (ECF Docket #88) directing the Plaintiffs to show cause why this case should not be stayed during the pendency of the criminal case against Defendant Chet Stojanovich.

**RELEVANT BACKGROUND**

2. The Plaintiffs commenced this action on June 10, 2020. (ECF Doc. #1.) The Plaintiffs each alleged that they were defrauded by Defendant Stojanovich in similar schemes. Namely, Mr. Stojanovich or businesses that he controlled (including Defendants Chet Mining Co. LLC and Chet Mining Co. Canada Ltd.) entered into contracts with the Plaintiffs to sell them cryptocurrency mining computers, and to host those mining computers at an energy-rich facility in Canada so that the machines

1

could operate. Each Plaintiff also alleged that the Defendants accepted the Plaintiffs' payment for those machines and services, but failed deliver or host the machines.

3. The Defendants defaulted by non-appearance. (ECF Doc. #18.) On motion by the Plaintiffs, the Court subsequently awarded default judgments to each of the Plaintiffs for a sum certain. (ECF Docs. #54 - #60.)

4. On January 29, 2021, my office issued a subpoena to Defendant Stojanovich for discovery in aid of enforcement of a judgment (ECF Doc. 62-4). *See* Fed. R. Civ. P. 69; N.Y. Civil Practice Law and Rules ("CPLR") Article 52. The subpoena commanded Stojanovich to appear for a virtual deposition on March 29, 2021 to answer questions about the Defendants' assets eligible for collection toward satisfaction of the judgments. (ECF Doc. 62-4.) The subpoena also compelled Stojanovich to produce documents concerning assets that may be eligible for collection toward satisfaction of the judgments, such as tax returns, bank account statements, balance sheets, inventories, securities, and real property deeds, among other things. (Id.)

5. As detailed in a motion to contempt that my office previously filed with the Court (ECF Doc. #62), Stojanovich largely failed to comply with the subpoena. He produced very few documents, and he failed to appear for his virtual deposition on the initial scheduled date and on a few adjourned dates. (ECF Doc. #62 ¶¶5-16.) Stojanovich finally did appear for a virtual deposition on a June 23, 2021 adjourned date, at which time he admitted that he had not yet produced various documents responsive to the subpoena, and was thoroughly evasive with my colleague's deposition questions. (Id. ¶¶16-24.) We adjourned the deposition again during the June 23 session, with agreement from Mr. Stojanovich that we would resume on July 23, 2022 to permit Mr. Stojanovich more time to produce responsive documents, but Mr. Stojanovich failed to appear again at the deposition adjourned dates and did not produce additional documents. (Id.)

6.      My office filed a motion for contempt sanctions against Stojanovich on January 12, 2022. (ECF Doc. #62.) The Court held a telephone conference on February 14, 2022. During that conference, the Court ordered Stojanovich to appear for a continuation of his deposition at the courthouse on March 4, 2022 and held the contempt motion in abeyance pending the deposition.

7.      Stojanovich appeared for the deposition on March 4, 2022 in the first instance and answered some questions for a period of time, but continued to evade questions about the nature and location of his financial accounts and cryptocurrency wallets. During a break, Stojanovich then fled the deposition and did not return. My colleague, John F. Harwick, Esq. reported this to the Court during another telephone conference on March 25, 2022. The Court scheduled another conference for April 11, 2022, at which Stojanovich's attendance was mandatory.

8.      Stojanovich failed to appear for the April 11 hearing. (ECF Doc. #74.) On April 13, 2022, the Court issued an Order holding Stojanovich in civil contempt. (ECF Doc. #79.) That Order imposed a fine on Stojanovich of $5,000 for his failure to appear at the April 11 hearing, and imposed additional fines of $1,000 per day until he complies with the Plaintiffs' subpoena. (Id.) The Court scheduled an additional conference for May 3, 2022.

9.      Sometime after April 11, 2022, the FBI arrested Stojanovich for wire fraud. Annexed hereto as **Exhibit A** is a true and accurate copy of a criminal complaint that the Justice Department has since made public concerning the charges against Stojanovich.

10.     By letter dated April 26, 2022, my colleague John Harwick informed the Court of Mr. Stojanovich's arrest. (ECF Doc. #83.) By letter dated May 3, 2022 Mr. Harwick informed the Court that Mr. Stojanovich is incarcerated in the MDC Federal Detention Center in Brooklyn, N.Y., and requested instructions from the Court as to how to proceed with the ongoing contempt issue. (ECF Doc. #87.) Mr. Harwick's May 3 letter enclosed a copy of email correspondence between him and Stojanovich's public

defender in the criminal case, in which the public defender "The criminal charges that have been filed against Mr. Stojanovich underscore his Fifth Amendment right not to incriminate himself by making statements in the civil case." (Id. pg. 2 of 4.)

11.     On May 3, 2022 the Court issued a text order directing the Plaintiffs to show cause "why this case should not be stayed pending the pendency of the criminal case against Defendant Stojanovich." (ECF Doc. #88.)  This Affirmation is responsive to that text order.

## DISCUSSION

### THIS CASE SHOULD NOT BE STAYED PENDING STOJANOVICH'S CRIMINAL CASE.

12.     Rule 69(a)(2) of the Federal Rules of Civil Procedure provides that a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located" for the purposes of enforcing a judgment.

13.     Rule 69's incorporation by reference of any discovery "provided in these rules" (*i.e.*, the Federal Rules) affords the judgment creditor the right to subpoena the judgment debtor for documents in aid of enforcing the judgment, and compelling the judgment debtor's deposition testimony to that end. *See* Fed. R. Civ. P. 30, 34 and 45.  Moreover, in this Court, Rule 69's reference to "the procedure of the state where the court is located" incorporates the judgment enforcement remedies of CPLR Article 52, which itself includes the right to subpoena the judgment debtor for documents and testimony.  *See* CPLR 5224.  Rule 62 of the Federal Rules of Civil Procedure allows for a "stay of proceedings to enforce a judgment" under certain enumerated circumstances (such as the defendant's posting of a bond) but, importantly, those circumstances do not include the judgment debtor's arrest for criminal conduct.

14.     The outstanding matters in this case are properly before the Court pursuant to Rule 69.  The Plaintiffs are entitled to the discovery they have been pursuing in the aid of enforcing their money

4

judgments. The history of this case (summarized above) demonstrates that Stojanovich has routinely frustrated that discovery by his disobedience of the Plaintiffs' duly-issued subpoena and the Court's orders (resulting in the Court's contempt order). This Court plainly has jurisdiction to make such further orders as may be necessary to compel and command Stojanovich's compliance.

15. The broad statement by Stojanovich's public defender that the criminal charges "underscore [Stojanovich's] Firth amendment right not to incriminate himself" is not a sufficient reason to stay this case and stymie the Plaintiffs' relief under Federal Rule 69 and CPLR Article 52. Notwithstanding the Fifth Amendment, "the Constitution does not ordinarily require a stay of civil proceedings" pending the outcome of criminal proceedings. *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). In determining whether a stay is appropriate, courts balance a variety of considerations, including: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendant; (3) the convenience to the courts; (4) the interest of persons not parties to the civil litigation; and (5) the public interest. *Arden Way Assocs. v. Boesky*, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987).

**(i)  Interests of the Plaintiffs**

16. The interests of the Plaintiffs is obvious and substantial. The aggregate judgments issued by the Court show that the Plaintiffs collectively have suffered over a million dollars in loss as a result of the Defendants' fraud. The Defendants did not appear in this action and did not deny the Plaintiffs' allegations, and the allegations are, therefore admitted. The undisputed story is simple. Stojanovich, using businesses he controlled, promised the Plaintiffs that he would sell them cryptocurrency miners and host them his (fictitious) facility in Canada; instead, Stojanovich took the Plaintiffs' money and delivered nothing in return.

17. Stojanovich has avoided civil justice to the Plaintiffs for more than a year after they obtained their judgments, by flouting his obligations to testify and produce responsive documents pertinent to enforcing and collecting the judgments. The Plaintiffs have invested time and money in pursuing the post-judgment discovery in a good faith effort to recover as much of their judgment debts as they can. It would be arbitrary and prejudicial to say the least for the collection remedies to be stalled or foreclosed to them simply because Chet Stojanovich has finally managed to get himself arrested and criminally charged for his had acts.

18. The criminal proceedings against Stojanovich only began publicly in April 2022. The criminal case is perhaps years away from a disposition. In this case, on the other hand, the Plaintiffs have won their judgments and have made substantial progress with this Court toward squeezing the elusive discovery information out of Mr. Stojanovich—the Court's April 13 Order fining Stojanovich $5,000 for his non-appearance on April 11 and $1,000 per day until he complies with the subpoena (ECF Doc. #79) is the longest stride the Plaintiffs have made yet toward leverage to gain compliance. While Mr. Stojanovich's incarceration may impact the logistics of *how* a deposition and document production might be completed (discussed below), it would be wrong to relieve Stojanovich from *any* form of cooperation for the indeterminate amount of time it will take the criminal case to reach an outcome.

**(ii)     The Interests of the Defendant**

19. As a threshold matter, Stojanovich has not even moved for a stay of this case. His public defender's April 29 email to John Harwick (ECF Doc. #87 pg. 2 of 4)—in which the public defender stressed that he does not represent Stojanovich in this case—is not a request for relief to this Court. Thus, Stojanovich has not asserted that he needs or wants a stay of this case.

20. Moreover, the mere specter of the Fifth Amendment does not does not justify a blanket stay.

21.     For one thing, much of the outstanding non-compliance with the subpoena is the *failure to produce documents* showing what assets the Defendants own that might be eligible for seizure in the enforcement of a judgment.  Generally, the mere production of documents is not considered self-incriminating "testimony" for Firth Amendment purposes, and the Fifth Amendment, therefore, is not usually a defense to compliance with a document subpoena.  *In re Three Grand Jury Subpoenas Duces Tecum*, 191 F.3d 173, 178 (2d Cir. 1999).  In some rare cases the courts will treat the prospect of producing documents as something that may be protected by the Fifth Amendment, but only if (1) the production is compulsory, (2) the documents are "testimonial" in nature, and (3) the documents are incriminating.  *Id.; see also U.S. v. Gendreau,* 2014 WL 464754, at *2 (S.D.N.Y. 2014). Documents are "testimonial in nature" if they capture the defendant's own words about things that happened, or are documents that the defendant's mere possession of would tend to be incriminating.

22.     Here, the subpoena does not seek documents that are probative of Stojanovich's criminal or civil *liability*, it seeks documents that are probative of what assets Stojanovich and the other Defendants own that may be available for attachment to satisfy the judgments.  (ECF Doc. #62-4.)  It seeks documents such as the Defendants' tax returns, bank account statements, certificates of deposit, balance sheets, securities, real property deeds, and things of that nature.  (*Id.*)  These types of documents are not "testimonial" about what Chet Stojanovich did or did not do to the Plaintiffs (or other victims), they are records of what assets the Defendants have available for collection.  And there is no reason to believe that these records would be "incriminating," and certainly no reason to believe that they would *all* be incriminating (Stojanovich is certainly free to assert Fifth Amendment objections on a document-by-document basis, which the Court could rule on if an adequate foundation is laid).

23.     Furthermore, even Stojanovich's unfinished deposition testimony does not necessarily implicate the Fifth Amendment.  Here again, the purpose of our post-judgment deposition is not to gather

facts to prove Stojanovich's civil or criminal liability, it is about pinning down the locations of financial accounts and other property of the Defendants that the Plaintiffs can attach for judgment collection. There is no self-evident reason why answering questions about what kind of property the Defendants own would be incriminating. "[W]hile a party may refuse to answer a deposition question on account of the privilege against self-incrimination in instances where the witness has a reasonable cause to apprehend danger from a direct answer, the witness must have reasonable cause to apprehend that answering the question will provide the government with evidence to fuel a criminal prosecution." *SPV-LS v. Herbst*, 2016 WL 8711738, at *1 (S.D.N.Y. 2016)(internal citations and quotations omitted). "That is, [t]he danger of self-incrimination must be real, not remote or speculative." (*Id.*) Stated differently, it is not sufficient for a defendant to claim that all of his testimony is protected by the Fifth Amendment, he must limit his assertion of the privilege to those questions that actually bear on his criminal liability. *See Baker v. Limber*, 647 F.2d 912, 919-20 (9th Cir. 1981)(overruling defendant's Fifth Amendment objections to questions in post-judgment, collection deposition about location of attachable financial assets that were not probative of criminal liability); *Capitol Prods. v. Hernon*, 457 F.2d 541, 543 (8th Cir. 1972)(overruling defendant's Fifth Amendment objections to "innocuous" questions in post-judgment, collection deposition); *Caisson Corp. v. County West Building Corp.*, 62 F.R.D. 331, 334-35 (E.D. Pa. 1974)(overruling deponent's blanket Fifth Amendment objection to testifying in post-judgment, enforcement deposition).

### (iii) Convenience to the Courts

24. This is certainly not the first civil action in which the defendant is incarcerated. It is feasible in 2022 to give an incarcerated defendant opportunities to participate in appearances. It is possible to arrange for remote appearances from the detention facility. Moreover, the criminal case is in its very early stages, and it is not certain that Stojanovich will necessarily remain in custody pending his criminal

trial, as opposed to being secured by other means such as house arrest or bail.  We also note that because this case essentially bypassed discovery, summary judgment and trial, this case has not consumed an undue amount of the Court's attention.  We are at the post-judgment stage of the proceedings and there is only so much more that can happen.  We respectfully submit that this case has not been so much of a draw on the Court's resources, and is not likely to be a major draw in the future, for this factor to warrant a stay.

   **(iv)**   **The Interests of Persons Not Parties to this Litigation.**

  25. The denial or issuance of a stay in this case is essentially a non-factor to non-parties to this litigation.  As the criminal complaint acknowledges, the Plaintiffs in this case and several of the victims described in the criminal case are one and the same.  (See Exhibit A hereto, ¶21.)  Several other victims of the Defendants also sued civilly in this Court and have won default judgments, and none of them have been stayed by the criminal case.[1]  There is no reason why staying these Plaintiffs from judgment enforcement activities would be beneficial to the other victims.

   **(v)**   **The Public Interest**

  26. The public interest does not favor staying this case pending the civil action.  In the criminal case, Stojanovich is charged with committing crimes against the Plaintiffs, and others.  The criminal case arises out of the same conduct as this case and other civil cases brought by other victims (*see* footnote 1).  The object of the civil actions patently is to recover damages to redress the plaintiffs' injury, while the object of the criminal case is, obviously, to punish Stojanovich for his criminal behavior and deter such conduct by other actors.  Criminal cases may also result in criminal restitution orders to redress the victims' harm, but that is not a given.  In this case, there is no reason why the criminal case and civil

---

[1]   *See 3 Point Ventures Ltd., et. al. v. Chet Mining Co., LLC, et. al.*, SDNY Civil Action No. 1:20-cv-02531; *Ethereum Ventures LLC v. Chet Mining Co. LLC et. al.*, SDNY Civil Action No. 19-CV-7948; *Andrew Schwarzberg v. Chet Mining Co. LLC et. al.*, SDNY Civil Action No. 1:20-CV-01880.

actions should not proceed at the same time. If plaintiffs in a civil case exhaust discovery of attachable assets, it may in fact expedite aspects of the criminal case to the extent that any plaintiffs collect on their judgments at least in part (thereby reducing the need for criminal restitution). The United States Attorney's office is well aware of this litigation—the criminal complaint mentions it. (Exhibit A ¶21.) But the government has not asked that this case be stayed.

27.   We respectfully submit that the foregoing factors weigh against imposing a stay, and the post-judgment proceedings in this case should be allowed to proceed.

WHEREFORE, this case should not be stayed pending Mr. Stojanovich's criminal case.

Dated: May 10, 2022  
Troy, New York

**E. STEWART JONES HACKER MURPHY LLP**

By: *[signature]*

Benjamin F. Neidl  
Bar Roll No.: BN-5818  
*Attorneys for Plaintiffs*  
28 Second Street  
Troy, New York  12110  
Tel. No.:  (518) 274-5820